### GAUMONT CO. et al. v. HATCH.

(District Court, W. D. Pennsylvania. August 28, 1913.)

No. 1, May Term, 1913.

1. COPYRIGHTS (§ 81*)—SUIT FOR INFRINGEMENT—PARTIES—CONSTRUCTION OF RULES.

Under new equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii), which provides that "all persons having an interest in the subject of the action and obtaining the relief demanded may join as plaintiffs," the owner of a copyrighted moving picture film and his lessees within a certain territory, who have contracted to return it on termination of the lease, may join in a suit to enjoin a third person from infringement by making or exhibiting copies of such film.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 81.*]

2. COPYRIGHTS (§ 82*)—SUIT FOR INFRINGEMENT—PLEADING.

A motion to dismiss a bill for an injunction to restrain infringement of a copyright for a motion picture film, on various grounds, considered and overruled.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 72, 73; Dec. Dig. § 82.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Gaumont Company, John A. Schwalm, and Carl S. Rothleder against Frank Hatch. On motion to dismiss bill. Overruled.

Isaac B. Owens, of New York City (F. W. H. Clay, of Pittsburgh, Pa., of counsel), for plaintiffs.

Edward A. Lawrence and J. A. Wakefield, both of Pittsburgh, Pa., for defendant.

YOUNG, District Judge. [1] The grounds of dismissal in this case are fivefold. The first ground is that there is a misjoinder of the parties plaintiff in that the Gaumont Company is joined with Schwalm and Rothleder, the lessees. The thirty-seventh rule in equity (198 Fed. xxviii, 115 C. C. A. xxviii) provides:

"All persons having an interest in the subject of the action and obtaining the relief demanded may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff."

It appears from the allegations of the bill as amended that the Gaumont Company is the owner of the film and the lessor and is entitled to have the film returned at the termination of the lease. It is therefore interested in preventing by injunction the removal of the film, or any copy thereof, beyond the jurisdiction of this court, as such removal into another jurisdiction would result in the necessity of more and probably of a multiplicity of suits. The lessees, Schwalm and Rothleder, are interested in preventing the exhibition of the film at any other place within the territory secured to them by the lease. They have a vital interest in the relief sought. Both the lessor, the Gaumont Company, and the lessees, Schwalm and Rothleder, are parties in interest, and, under the nineteenth rule in equity (198 Fed. xxviii, 115 C. C. A. xxviii), are proper parties plaintiff. This ground of dismissal must therefore be overruled.

[2] The second ground of dismissal is that the Gaumont Company has no right or title to the film; it having assigned it to Schwalm and Rothleder. This ground may have been good at the time the motion to dismiss was filed, as the complainants pleaded an assignment of the film by the Gaumont Company to Schwalm and Rothleder. But the question of title in the Gaumont Company has been eliminated by the amendment to paragraph 5 of the bill, which now sets up a lease for two years to Schwalm and Rothleder and a covenant on their part to return the film to the Gaumont Company. It is therefore unnecessary to decide the question of whether or not the assignment of the exclusive right to Schwalm and Rothleder by the Gaumont Company would have made the joinder of all the parties such a misjoinder as would require the dismissal of the bill. The Gaumont Company by the leasing of the film did not part with the title; but, as we have said in discussing the first ground of dismissal, it was a necessary and proper party to the bill. This ground of dismissal will therefore be overruled.

The third ground of dismissal is that the bill does not set up a compliance with the provision of the act of Congress fixing the conditions and steps necessary to procure a copyright. The alleged defects in the procuring and registering of this copyright are set forth by coun-

sel for respondent as being that by paragraph 3 of the bill it is alleged that the Gaumont Company was the sole and exclusive owner, author, and proprietor of a certain original moving photograph or photographs, and by paragraph 4 of the bill that the work is designated as a moving picture photograph, and that it is not alleged that the work constituted a photo play, and that therefore, under the eleventh section of the Copyright Law of March 4, 1909, c. 320, 35 Stat. 1078 (U. S. Comp. St. Supp. 1911, p. 1475), as amended by Act August 24, 1912, c. 356, 37 Stat. 488, there should have been deposited a title and description with not less than two prints taken from the different scenes other than a photo play. These alleged defects in the original bill were cured by the amendments allowed by the court. In the amendments the work is described as a moving picture photograph or photo play, and the allegation is made that the Gaumont Company deposited with the register of copyrights a title and description of each scene or act of said drama "The International Conspiracy"; a certified copy of the certificate of registration being attached to the amendment. The allegation is sufficient, and it puts on the complainants the burden of showing the character of the work, whether a "motion picture photo play," or a "motion picture other than a photo play," and also the burden of showing compliance with the act as to the deposit with the register of copyrights of title, description, and proper prints. It is sufficiently alleged, and the question of whether or not complainants can prove it is not now before us. As the motion to dismiss has taken the place of a demurrer, the rule that a demurrer admits the facts as alleged obtains.

The fourth ground of dismissal is that it does not appear from the bill that the acts and duties fixed by the act were performed. This general statement, we gather from the brief of counsel for respondent, is that under the twelfth section of the act the action cannot be maintained until the provisions of the act with respect to the deposit of copies and illustration of such work shall have been complied with, and that section 11 provides:

"But the privilege of registration of copyright secured hereunder shall not exempt the copyright proprietor from the deposit of copies under sections 12 and 13 of this act where the work is later produced in copies for sale."

And that the Gaumont Company by the allegations of the bill is engaged in the business of exhibiting the aforesaid copyright picture and of leasing it to others for exhibition, and that this is a reproduction for sale, and that the twelfth section of the act has not been complied with by the deposit of two complete copies of the film as required by that section. The amendment allowed by the court to the bill of complaint alleges in the fourth paragraph "that, said moving picture photograph or photo play not having been reproduced in copies for sale," the complainant deposited with the register of copyrights "the claims for copyright, the title and description and prints from each scene or act of the drama, 'The International Conspiracy,' and received the certificate of registration." This allegation sufficiently pleads the facts upon which the complainant relies and which he must prove. We cannot now pass upon the truth or falsity of the allegation. Under the

rules of pleading those allegations upon a motion to dismiss must be taken as true. The fourth ground of dismissal must therefore be overruled.

The fifth and last ground of dismissal is stated to be that it does not appear that the Gaumont Company was entitled to register and copyright the picture referred to, and this, we gather from the argument, is based upon the assertion that the complainant, the Gaumont Company, being a corporation, could not be capable of intellectual effort, which is involved in the word "author," and that it does not appear how the Gaumont Company became possessed of the picture. This reason and argument may be disposed of, first, by the consideration that the bill alleges in the third paragraph that the Gaumont Company was the sole and exclusive owner, author, and proprietor of certain original moving pictures and that is a question of proof at the trial; and, second, that by the provisions of the act, section 62, the word "author" should include an employer in the case of works made for hire. This, too, is a matter of proof which must await trial. The fifth ground of dismissal must therefore be overruled.

All the grounds of dismissal having been overruled, the respondent will be required to answer the bill within 20 days, exclusive of the day of service of an order overruling the motion to dismiss, to be served upon counsel for respondent.

Let an order be drawn accordingly.