## EDMONDS v. STERN et al.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

### No. 92.

1. COPYRIGHTS ⊂⟲12—SUBJECT-MATTER—ORCHESTRAL SCORE FOR COPYRIGHTED SONG.

Where the purchaser of a song, having copyrighted it with the consent of the composer, prepared and copyrighted an orchestral score, the purchaser is entitled to protection of the copyright for the score, as it was substantially a new and independent composition, and represented original work, supporting an independent copyright.

2. COPYRIGHTS ⊂⟲47—ASSIGNMENTS—CONSTRUCTION.

Where defendants copyrighted a song sold to them on a royalty basis, and with the consent of the composer prepared and copyrighted an orchestral score, the composer is not, defendants having assigned to him the copyright of the song in settlement of a controversy between them, entitled to any rights in the orchestral score, which was not assigned; the transaction in its very nature showing an intent not to lessen or change defendants' enjoyment of the score copyrighted.

3. COPYRIGHTS ⊂⟲47—ASSIGNMENTS—RIGHTS IN COPYRIGHTED WORK.

Where the composer of a song sold it to defendants on a royalty basis, and after copyrighting the song they prepared and copyrighted an orchestral score with the composer's consent, the composer is not, by reason of the assignment of the copyright of the song, entitled to any rights in the score, which was not assigned to him; the two copyrights being entirely distinct.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by Shepard N. Edmonds against Joseph W. Stern and Edward B. Marks for infringement of copyright. From the decree, issuing an injunction, without damages, and granting plaintiff's attorney a small fee, both parties appeal. Reversed and remanded, with directions to dismiss the bill.

Plaintiff composed the words and music of a certain song, which he sold to defendants, who copyrighted it in 1903, under a royalty agreement. With plaintiff's knowledge and consent this song was used as part of an operetta, and with like knowledge and consent defendants separately copyrighted an orchestral arrangement or medley of all the music of said operetta, which therefore contained, inter alia, an orchestration of the melody of plaintiff's song. In 1907 defendants, after some difficulty and litigation with plaintiff, and as part of a settlement and compromise thereof, assigned and transferred to plaintiff, his assigns, etc., "the copyright to the following songs [including the song now in question] composed by the said [plaintiff] and copyrighted by us." Some years later, persons employed by and acting on the suggestion of plaintiff or his counsel, bought from defendants a few copies of the orchestral arrangement or medley aforesaid, and endeavored to buy the words and music of the song itself, but without success, being informed that the song had been withdrawn from sale.

This action is upon the copyright of the song, and the infringement alleged is the sale of the above referred to copies of the orchestral arrangement, which, of course, contained no words. The court below held that this was infringement, but that plaintiff had suffered no damage and accordingly issued an injunction without damages, and granted plaintiff's attorney a small counsel fee. Both parties appealed—plaintiff complaining of refusal of damages and the smallness of the counsel fee; defendant, of any fee and the injunction.

Fred Francis Weiss, of New York City, for plaintiff.

Cohen & Richter, of New York City (Theodore B. Ritcher, of New York City, of counsel), for defendants.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Whether the act above recited constituted infringement must be decided before any question of damages or fees can be considered.

[1] The separate copyright of the orchestral score has always belonged to defendants, and that they had lawful right to have such arrangement both prepared and copyrighted cannot be denied, nor do we understand it to be contested in this case. Defendants had confessedly acquired the right to make this arrangement, and when made it was "substantially a new and distinct composition, and as such entitled to the protection of the court." Carte v. Evans (C. C.) 27 Fed. 862, and cases cited. Nor is this doctrine at all peculiar to musical works; the propriety of separate and independent copyright always depends upon the presence or absence of original work, as we pointed out in West, etc., Co. v. Edward Thompson Co., 176 Fed. 833, 100 C. C. A. 303.

[2, 3] If, then, defendants had lawful copyright in the orchestral arrangement, it was a piece of property wholly separate and independent from that which they had in the copyright of the song. The plaintiff's knowledge of and acquiescence in what was done renders impossible any consideration of what might have been the case, had the sequence of notes in plaintiff's song melody been used as a basis for a small part of the orchestral score without his consent and approbation. When, in this condition of facts, defendants assigned the song copyright to plaintiff, and did not assign that of the orchestral score when settling and compromising their mutual differences, the transaction by its nature is strong evidence of plaintiff's continued acquiescence and approbation in defendants' ownership and enjoyment of the copyright of the orchestral arrangement.

Thus for two reasons we find no infringement of plaintiff's copyright by what defendants did: (1) There is evidence of intent in both parties not to lessen or change defendants' enjoyment of the score copyright, when plaintiff acquired the rights on which he here depends for recovery; and (2) as matter of law the mere transfer of copyright in the song had no effect whatever on the copyright of the operatic score theretofore taken out. The two things were legally separate, and independent of each other; it makes no difference that such separate and independent existence might to a certain extent have grown out of plaintiff's consent to the incorporation of his melody in the orchestration. When that consent was given, a right of property sprang into existence, not at all affected by the conveyance of any other right.

Thus the facts prevent consideration of the query (dwelt on in the court below) whether as matter of law defendants were without plaintiff's consent, entitled to sell copies of the song printed before the assignment of the copyright in suit. Taylor v. Pillow, L. R. 7 Eq.

418; Howitt v. Hall, 6 L. T. Rep. [N. S.] 348; Troitzsch v. Ress, 3 Times Law Rep. 773.

It follows that the decree below must be reversed, and cause remanded, with directions to dismiss the bill. The defendants will recover one bill of costs in this court, as well as costs below.