DE CROISSET et al. v. VITAGRAPH CO. OF AMERICA et al.

(Circuit Court of Appeals, Second Circuit. December 10, 1919.)

No. 79.

1. EQUITY ☞149—MISJOINDER OF PARTIES RENDERED BILL MULTIFARIOUS AND DEVOID OF EQUITY.

Misjoinder of parties plaintiff having no interest, and to whom no relief can be granted, renders a bill of complaint multifarious.

2. EQUITY ☞149—COMPLAINT FOR INFRINGEMENT OF COPYRIGHTS DEMURRABLE AS MULTIFARIOUS.

One having a proprietorship in a copyright of a drama, and another who was the sole exclusive owner of motion picture rights in and to the drama, may not in one action sue another alleged to have infringed both copyrights, in the absence of allegations showing a community of interest.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Francis De Croisset, Maurice Le Blanc, and Société des Films Menchen against the Vitagraph Company of America, J. Stuart Blackton, and Albert E. Smith. From a decree dismissing the bill, complainants appeal. Affirmed.

Rogers & Rogers, of New York City (Gustavus A. Rogers and Saul E. Rogers, both of New York City, of counsel), for appellants.

William M. Seabury, of New York City, for appellees.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge. By this bill of complaint the appellants seek to enforce their alleged right to infringement of two copyrights. One copyright is upon a drama written by the appellants, De Croisset and Le Blanc, prior to 1909, and copyrighted in the United States on March 3, 1909. There is a copyright claimed to have been procured by one Cromelin on June 6, 1916, for the benefit of the Société des Films Menchen, upon the photoplay of the same name, which was produced by the London Film Company. The appellees produced and exhibited a photoplay entitled Arsene Lupin, which is said to be based upon the same plot, theme, and incidents to which the respective appellants claim rights by the copyrights here mentioned.

The complaint alleges, in paragraph 10, that the Société des Films Menchen "is, and at all the times hereinafter mentioned was, the sole and exclusive owner of motion picture rights in and to said drama." The title of the copyright granted by the United States on March 3, 1909, is as follows: "Arsene Lupin, Piece en Trois Actes et Quatre Tableaux par Francis De Croisset et Maurice Le Blanc"—and the

copyright granted on June 6, 1916, to Paul H. Cromelin for the motion picture photoplay was entitled "Arsene Lupin" by Maurice Le Blanc.

[1, 2] Paragraph 12 of the bill of complaint alleges that this was done for the benefit of the appellant Société des Films Menchen, and "that the aforesaid photoplay was adapted and produced as aforesaid by the London Film Company from the aforesaid work of Maurice Le Blanc and Francis De Croisset." The assignment of the copyright by Cromelin to the Société des Films Menchen is alleged to be on March 27, 1918, and that this assignment was filed in the United States Copyright Office April 11, 1919. The bill of complaint does not disclose how Cromelin reserved any individual right or interest in the copyright after having registered it for the benefit of the Société des Films Menchen. Examining the bill of complaint, it is apparent that neither De Croisset nor Le Blanc have any interest in the alleged infringement of the photoplay copyright, and none is claimed to exist. We have, therefore, a bill in which the appellants have no community of interest. What is alleged is a cause of action for infringement of the dramatic copyright in which De Croisset and Le Blanc alone are interested, and under a separate cause of action a claim for infringement of a motion picture photoplay, the copyright of which, at the date of the commencement of the action, the Société des Films Menchen is alleged to be the sole and exclusive owner. The sufficiency of this complaint was tested by a motion to dismiss the bill, and the District Judge sustained the appellee's motion. The motion was made because of this misjoinder of parties. It was granted without prejudice to any subsequent suit upon the copyright of 1916, and the dismissal was made final as to the rights accruing under the copyright of 1909.

We are unable to reach any other conclusion than that the paragraphs from 6 to 10 of the bill of complaint allege a cause of action in which the individual appellants, De Croisset and Le Blanc, claim an alleged infringement of their copyright of the drama Arsene Lupin, and in which the Société des Films Menchen has no interest. Paragraphs 10 to 13 of the bill of complaint allege that the appellant Société des Films Menchen is the sole and exclusive owner of the copyright of the motion picture photoplay founded upon the same drama. And the fourteenth paragraph of the bill of complaint alleges that the—

"defendants by the production of the motion picture photo play without the consent of the complainants, and in violation of the complainant's rights, and in infringement of the copyright of said drama Arsene Lupin, and in infringement of the motion picture copyright of said drama, and with full knowledge of the rights of the complainants made and caused to be made a motion picture photo play which is the production of the complete story, scenes, situations, characters, and business of the said drama Arsene Lupin."

These paragraphs of the bill, assuming that Cromelin had a valid copyright, allege a right of action in the Société des Films Menchen for the infringement of the copyright for the motion picture photoplay. It is very apparent that De Croisset and Le Blanc have no interest in this copyright. The pleader here joins the owners of

separate copyrights—first, the copyright proprietor of the play, and then another party which claims to own the motion picture rights without specifying the extent of its interest in those rights. In doing this, the pleader renders his bill multifarious. Tully v. Triangle Film Corp. (D. C.) 229 Fed. 297. Misjoinder of parties plaintiff, having no interest and to whom no relief can be granted, renders the bill of complaint multifarious and devoid of equity. Nor does it appear from the complaint that appellants have any community of interest in the causes of action alleged, and unless some such interest appears they may not be joined in one bill against the appellee. A bill states different causes of action where it seeks to enforce distinct and separate rights of different plaintiffs or distinct and separate liabilities of different defendants. Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380; 1 Corpus Juris, § 25, p. 1064.

The Société des Films Menchen has no interest in any damages suffered by De Croisset and Le Blanc and likewise the latter have no interest in damages suffered by the Société des Films Menchen. There is no allegation in the bill of complaint that Cromelin was the author of the photoplay or that he ever acquired any proprietary rights therein from appellant, De Croisset or Le Blanc, which might have authorized him to procure a copyright registration upon the photoplay based upon the drama written by the author.

It was held by this court that the registration by Cromelin, as pleaded in the complaint there under consideration, was void for the reason that under the copyright no power exists in an agent to copyright anything, as that privilege is reserved to authors or proprietors. Société des Films Menchen v. Vitagraph Co., 251 Fed. 258, 163 C. C. A. 414; Act March 4, 1909, c. 320, § 8, 35 Stat. 1077 (U. S. Comp. Stat. § 9524).

The bill does not allege that the Société des Films Menchen is a licensee, nor is it said to be an assignee, but it is alleged to be the sole and exclusive owner of the motion picture rights in the drama. Such ownership as alleged in the motion picture rights does not include ownership of the copyrights in the drama.

The attempt thus to join two causes of action, in which the appellants have not a common interest against the appellees, made the bill demurrable. The appellants, one having a proprietorship in the copyright, and the other having a proprietorship in an entirely different copyright, may not in one action sue defendants alleged to have infringed both copyrights.

We are of the opinion that the District Judge correctly dismissed the bill without prejudice to proceeding upon the copyright granted in 1916.

The decree is affirmed.