**BUCK et al. v. KLOEPPEL.**

No. 808.

District Court, S. D. Florida, Jacksonville Division.

April 6, 1935.

William E. Arnaud, of Atlanta, Ga., and Gov. Hutchinson, of Jacksonville, Fla., for plaintiffs.

Rogers, Hazard & Thames, Charles A. Powers, and Charles A. Powers, Jr., all of Jacksonville, Fla., for defendant.

STRUM, District Judge.

This is a suit in equity to enjoin future infringement of copyrighted musical compositions, and to recover damages for alleged past infringements. 17 USCA §§ 25, 27.

The plaintiffs are Gene Buck, Remick Music Corporation, De Sylva, Brown & Henderson, Inc., Shapiro, Bernstein & Co., Inc., and Irving Berlin, Inc. Buck sues as president and authorized class representative of the American Society of Composers, Authors and Publishers, an unincorporated association composed of numerous members. Equity Rule 38 (28 USCA § 723).

It appears from the bill of complaint that four separate and distinct musical compositions are here involved, each of which was copyrighted separately by one of the corporate plaintiffs, who is still the copyright proprietor thereof, but the non-dramatic public performing rights thereof and the right to recover damages for past infringements of all of said musical compositions have heretofore been assigned to said Society which here seeks to recover such damages through its representative, Buck. The bill alleges that on different occasions defendant has infringed each of said copyrights, and will continue to do so unless restrained, and prays that the defendant be restrained from further infringement of each copyright, and that damages be awarded plaintiff Buck, for the benefit of said Society, for past infringement.

These copyright proprietors own in severalty, each independent of the other, and neither has any interest in the copyright of the other. Their copyrights cover four distinct and unrelated musical compositions. Each of the corporate plaintiffs seeks to restrain future infringement of the copyright of which it is the proprietor.

Defendant asserts that there is a misjoinder of parties plaintiff, and that the bill is multifarious. Plaintiff relies on Equity Rule 37 (28 USCA § 723), which provides that "all persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs. * * *" Equity Rule 26 (28 USCA § 723), however, provides that "* * * when there are more than one plaintiff, the causes of action joined must be joint. * * *"

Each copyright is a distinct property entity, the infringement of which is a distinct and several wrong. The ownership of the copyright—and hence the right to enjoin the future infringement thereof—remains in the copyright proprietor. He alone can maintain a suit to prevent future infringement. We have here a bill which seeks to enjoin future infringement of four separate and distinct copyrights, owned in severalty by the four corporate plaintiffs, covering four distinct musical compositions; neither of the copyright proprietors having any community of interest in the copyright owned by the others. The result is the assertion in the same bill of a sep-

arate and unrelated cause of action in behalf of each corporate plaintiff. There is no privity between the several corporate plaintiffs who are the copyright proprietors. There is no general common right in favor of the corporate plaintiffs to be established against the defendant. The injunctive relief sought by each of the corporate plaintiffs is to prevent a threatened injury which will occur to it separately, each to its own copyright, unconnected with the injuries threatened to the other copyright proprietors. Their rights with respect to the several copyrights are distinctly separate and several, not common. The utmost that can be said with respect to the relief sought by the corporate plaintiffs is that each plaintiff is in the same relative position with respect to the defendant's alleged infringement, but that is not enough when there is no common interest in the right which they seek to protect.

In order to justify a resort to equity on the ground of preventing a multiplicity of suits, there must be some common subject-matter in controversy, or some common right or interest in the subject-matter of the suit. Without this, a mere community of interest in the questions of law or fact to be determined constitutes no basis for equitable cognizance.

There is perhaps no objection to a suit by the Society as assignee of the right to recover for past infringements, joined by the present copyright proprietor of the copyright alleged to have been infringed, as in Buck v. Jewell-La Salle Realty Co., 283 U. S. 191, 51 S. Ct. 410, 75 L. Ed. 971, 76 A. L. R. 1266, and Jewell-La Salle Realty Co. v. Buck, 283 U. S. 202, 51 S. Ct. 407, 75 L. Ed. 978. Indeed such joinder is probably essential. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U. S. 24, 43 S. Ct. 254, 67 L. Ed. 516. Nor perhaps would there be any objection to including in the same bill more than one musical composition owned by the same copyright proprietor, as Equity Rule 26 further provides that the plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant. But when other copyright proprietors are joined, who seek relief by injunction against future infringement of other separate and distinct copyrights owned by them severally, in none of which the several copyright proprietors have any joint or common interest, the rights of the several copyright proprietors being several

and distinct as to each copyright, each proprietor seeking injunctive relief as to his copyright only, there is a misjoinder of parties plaintiff and the bill becomes objectionably multifarious. The several copyright proprietors each have a separate and several right to protect. Even though the same defendant has simultaneously invaded all those rights, it is not permissible for that reason to join the several causes of action in one bill for relief. De Croisset v. Vitagraph Co. of America (C. C. A.) 262 F. 100; Colonial Trust Co. v. Chaplin-Fulton Mfg. Co. (D. C.) 266 F. 546; Tully v. Triangle Film Corporation (D. C.) 229 F. 297; Desylva, Brown & Henderson v. Weyman (D. C.) 7 F. Supp. 725; 21 C. J. 306, 337, 448.

The Desylva Case, supra, is squarely in point on the facts except as to the joinder here of the Society. But the addition of the Society as a party plaintiff—even though it might join in one suit all its causes of action against the defendant—does not cure the multiplicity resulting from the misjoinder of the several and distinct causes of action asserted by the corporate plaintiffs.

Motion to dismiss granted.