## BUCK et al. v. ELM LODGE, Inc.

### No. 280.

Circuit Court of Appeals, Second Circuit.

April 6, 1936.

Earl I. Freshman, of Syracuse, N. Y. (Nathan Burkan and Herman Finkelstein, both of New York City, of counsel), for appellants.

Albert Averbach, of Syracuse, N. Y., for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal from a decree dismissing for multifariousness and misjoinder of parties plaintiff a bill of complaint which charged the defendant with infringement by public performance of two copyrighted musical compositions. The three plaintiffs are Gene Buck, who sues as representative of an unincorporated association known as American Society of Composers, Authors and Publishers (hereafter referred to as the society), and two New York corporations, Remick Music Corporation and Mills Music, Inc. Each of the corporate plaintiffs is owner of a copyrighted song in respect to which the exclusive rights of public performance for profit were transferred to the society for a term ending January 31, 1936. The bill of complaint charged in two counts, each of which dealt with one of the copyrighted songs, that the defendant Elm Lodge committed an infringement for profit of the copyrighted music without the consent of the plaintiffs at a place of entertainment operated by the defendant within the Northern District of New York. The prayer was for an injunction and damages. After answering, the defendant moved to dismiss the bill for multifariousness and misjoinder of parties plaintiff because it appeared on the face of the bill that neither corporate plaintiff had any interest in the copyright owned by the other. The motion was granted upon the authority of Buck v. Kloeppel, 10 F.Supp. 345 (D.C.S.D.Fla.).

The correctness of this ruling turns on the proper construction of Equity Rule 26 (28 U.S.C.A. following section 723), printed in the margin.[1] This permits a single plaintiff to join in one bill independent causes of action cognizable in equity, and permits several plaintiffs to join, if the causes of action are joint, or, in the alternative, if "sufficient grounds appear for uniting the causes of action in order to promote the convenient administration of justice." So we construed the rule in Radio Corporation v. Lehr Auto Supply Co., 29 F.(2d) 162. In the case at bar, the society, as exclusive licensee of the right to perform the copyrighted work publicly for profit, could not sue for infringement without joining

---

[1] "Rule 26. Joinder of Causes of Action.—The plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant. But when there are more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials."

202

the owner of the copyright. Independent Wireless Co. v. Radio Corporation, 269 U.S. 459, 468, 46 S.Ct. 166, 70 L.Ed. 357 (relating to patents); Buck v. Jewell-La Salle Realty Co., 283 U.S. 191, 51 S.Ct. 410, 75 L.Ed. 971, 76 A.L.R. 1266 (relating to copyrights, but not discussing this point). Thus the suit became one by several plaintiffs, where the causes of action were not joint, but where convenience would apparently be promoted by uniting the causes of action, since any recovery of damages under either count would go to the society, and the corporate plaintiffs were necessary parties merely because they hold their respective causes of action in trust for the society. Each copyright was alleged to have been infringed by the defendant on the same date and at the same place and under similar circumstances; and the defendant's answer set up identical defenses to each cause of action. Hence it would seem that both causes of action could conveniently be disposed of together. If there is any reason why they could not, the District Court was authorized by the last sentence of Rule 26 to order separate trials, but was not justified, in our opinion, in dismissing the bill. The decree should therefore be reversed, and the District Court may decide whether convenience requires two trials or one.

It is true that Buck v. Kloeppel, 10 F. Supp. 345 (D.C.S.D.Fla.), upon which the District Judge relied, supports the order of dismissal. We do not, however, agree with it; it is not consistent with the construction of Rule 26 which this court adopted in Radio Corporation v. Lehr Auto Supply Co., 29 F.(2d) 162. That case rules the one at bar. The appellee relies also upon Desylva, Brown & Henderson, Inc., v. Weyman, 7 F.Supp. 725 (D.C.La.), and De Croisset v. Vitagraph Co., 262 F. 100 (C.C.A.2). In neither of them, however, was there an exclusive licensee who was the real party in interest as to the several copyrights in suit; apparently the plaintiffs had separate interests in the recovery to be had for the separate infringements. Thus these cases are distinguishable from the case at bar and from Radio Corporation v. Lehr Auto Supply Co., supra.

The decree is reversed, and the cause remanded for further proceedings in conformity with this opinion.