**BUCK et al. v. VIRGO.**

**SAME v. FRISICANO et al.**

**Nos. 2156, 2157.**

District Court, W. D. New York.

Feb. 8, 1938.

Hugh J. O'Brien, of Rochester, N. Y., for the motion.

Earl I. Freshman, of Syracuse, N. Y., opposed.

BURKE, District Judge.

The bills of complaint in both the above causes charge the defendants with infringement for profit by public performance of copyrighted songs and ask damages and injunctions. Each bill contains five counts and each count deals with one copyrighted song. The corporate plaintiffs in both cases each own a copyrighted song which is claimed to have been infringed. In each case Gene Buck, as president of the American Society of Composers, Authors and Publishers, an unincorporated association, is one of the plaintiffs.

The defendants move to dismiss the bills for multifariousness, misjoinder of parties plaintiff, and misjoinder of causes of action. The bill in each case alleges that as to each of the songs involved the society is the exclusive licensee of the nondramatic public performing rights and that this right arises out of an agreement between the society and the publishers, the corporate plaintiffs, whereby each of the publishers assigned and set over to the society the exclusive nondramatic public performing rights to all musical compositions then owned or thereafter acquired and copyrighted for a term beginning January 1, 1936, and ending January 1, 1941.

Each of these suits is by several plaintiffs. In the Virgo bill, the infringements charged in counts 1 and 2 were on May 22, 1937, in the third and fourth counts, on May 30, 1937, and in the fifth count, on May 31, 1937. All infringements by Virgo are alleged to have occurred at the same place. In the second bill the infringement charged in the first and second counts were on May 23, 1937, and in the third, fourth, and fifth counts on May 30, 1937. All infringements by the defendants in this bill are alleged to have occurred at the same place. In each case the recovery of damages inures to the society under the exclusive license. Although the causes of action are not joint, the convenient administration of justice would seem to be promoted by joining them in one complaint. Such joinder was proper. Buck v. Elm Lodge, 2 Cir., 83 F.2d 201.

The society as exclusive licensee of the nondramatic public performing rights

could not sue for infringement without joining the owner of the copyrights. There is, therefore, no misjoinder of parties plaintiff. Buck v. Elm Lodge, supra.

Some of the copyrighted songs involved herein were not composed at the date of the license agreement. Defendants contend as to those numbers that they could not form the basis of a cause of action, because as to them the license agreement could not vest any title, legal or equitable, in the society, citing Matter of Black v. Scully, 138 App.Div. 562, 123 N.Y.S. 371. That case is authority only for the proposition that an assignment of something which has no present actual or even potential existence when the assignment was made does not operate to transfer the legal title of that thing when it does come into existence. The rights of a licensee under a copyright do not depend upon legal title. A licensee has no right to sue in his own name for infringement. Goldwyn Pictures Corp. v. Howells Sales Company, 2 Cir., 282 F. 9. The reason for the necessity of joining the owner of the copyright as plaintiff is that the owner has the legal title. This he holds in trust for the licensee. Conway v. White, 2 Cir., 9 F.2d 863. Unwritten musical compositions may be sold and the equitable title to the composition attaches when the composition comes into existence and vests in the grantee. Harms & Francis, Day & Hunter v. Stern, 2 Cir., 229 F. 42, 48.

The motion to dismiss the bills should be denied.