### BUCK et al. v. ROYAL PALMS, Inc.
#### No. 4581.

District Court, D. Massachusetts.
April 11, 1938.

Guterman & Guterman and Samuel Berkett, all of Boston, Mass., for plaintiff.

Edward R. Coplen, of Boston, Mass., for defendant.

McLELLAN, District Judge.

The defendant moves to dismiss the bill of complaint because, as the defendant says, the plaintiffs Remick Music Corporation and Chappell & Co., Inc., have no interest in the subject matter of the suit, because Gene Buck has no such interest, because the plaintiffs are improperly joined, and because parties having any interest do not appear as parties plaintiffs.

According to the bill, the averments whereof the defendant's motion admits, the plaintiff Remick Music Corporation is the owner of one copyright, the plaintiff Chappell & Co., Inc., of another, and the American Society of Composers, Authors and Publishers is the owner of the nondramatic public performing rights in each of the copyrighted musical compositions. The bill alleges copyright infringements by the defendant and prays for the relief usually sought in such suits. As owner of one copyright, the Remick Music Corporation is, to say the least, a proper party to a suit for its infringement. And as owner of the public performing rights, the society may join the copyright owner in such a suit. So, too, Chappell & Co., Inc., and the society may join in a suit based on the other copyright. And since, upon the averments of the bill, the question involved is one of common or joint interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, the plaintiff Gene Buck, as president of a society of 700 members, may sue as its representative. Equity Rule 38, 28 U.S.C.A. following section 723.

A more difficult question is whether Remick Music Corporation, the owner of one copyright, Chappell & Co., Inc., the owner of another copyright, and Gene Buck, as president of the society which owns certain performing rights in each copyright, may join in the suit. There is no hard and fast rule preventing the joinder of two causes of action under the circumstances here presented. The bill discloses no such complicated situation as to indicate that these causes of action cannot conveniently be prosecuted together. To permit a joinder promotes the convenience of the plaintiff Gene Buck as representative of the society having an interest in both causes of action, and of the defendant, who thereby is put to one trial instead of two. Under the circumstances, it is here unnecessary to go as far did the Circuit Court of Appeals for the Second Circuit in Buck v. Elm Lodge, Inc., 83 F.2d 201, where the District Court, having dismissed a similar bill of complaint for multifariousness and misjoinder of parties, was reversed. See, also, Equity Rule 26, 28 U.S.C.A. following section 723. If this question involves the exercise of discretion, the conditions are such as to make it desirable to permit the joinder of the three plaintiffs and the two causes of action.

Nor does it appear, as stated in the defendant's motion, that "the parties having any interest in the subject matter do not appear herein as parties plaintiffs." The defendant's motion to dismiss the bill of complaint is denied.