## WIDENSKI v. SHAPIRO, BERNSTEIN & CO., Inc.

No. 4018.

Circuit Court of Appeals, First Circuit.

Feb. 27, 1945.

Nathaniel Frucht, of Providence, R. I. (James W. Leighton, of Providence, R. I., of counsel), for appellant.

Louis D. Frohlich, of New York City (Francis I. McCanna, of Providence, R. I., and Bernard J. Killion, of Boston, Mass., of counsel), for appellee.

Before MAHONEY and WOODBURY, Circuit Judges and SWEENEY, District Judge.

WOODBURY, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the District of Rhode Island granting an injunction and awarding $250 as damages, plus a counsel fee and costs, in an action for copyright infringement brought under § 25 of the Copyright Act. 35 Stat. 1081, 17 U.S.C.A. § 25. The facts necessary for disposition of the two questions of law raised herein may be stated as follows:

The plaintiff, a New York corporation, is the copyright proprietor of a musical composition entitled "Sweet Sue—Just You". It is a member of the American Society of Composers, Authors and Publishers, (ASCAP) an unincorporated association, and as such on March 29, 1935, it entered into an agreement with ASCAP whereby (1) it assigned to the latter the entire exclusive right of public performance of all the musical compositions of which it was a copyright proprietor for a

term beginning January 1, 1936, and ending December 31, 1950; (2) it irrevocably for the above term authorized, empowered and vested in ASCAP "exclusively,[1] the right to enforce and protect such rights of public performance", and (3) it irrevocably for the same term appointed ASCAP in the broadest terms its true and lawful attorney, either in its or in ASCAP's name, to do anything and everything necessary "to restrain infringements and recover damages in respect to or for the infringement or other violation of the rights of public performance" in its works. By ASCAP's Articles of Association it has "the right to license the non-dramatic public performance" of its members' works for the term of any agreement existing between it and its members.

The defendant owns and operates a cafe in Central Falls, Rhode Island, in which musical compositions are performed for the entertainment of patrons, and on October 3, 1941, without the plaintiff's or ASCAP's knowledge or consent the composition named above was rendered therein by a three piece orchestra. It is conceded that this rendition constituted an infringement of the plaintiffs' copyright.

Although in this action recovery is sought only for the infringement admitted to have taken place on October 3, 1941, it appears that as early as June 11, 1940, the defendant was notified from ASCAP's New England office that music copyrighted by its members was being performed in his establishment and that this could not lawfully be done without a license from ASCAP. The defendant did not answer this or subsequent notices of infringement and never applied to ASCAP for a license although it appears that he could have had either an annual one for a fee of $90 or a monthly one for a fee of $10.

Infringement being admitted, the defendant raised in the court below and that court considered only two questions of law, (a) whether ASCAP was a necessary party plaintiff and (b) the amount of damages. Its decision was adverse to the defendant on both of them. It held that suit might be maintained by the copyright proprietor alone, and, rejecting the defendant's contention that the actual damage suffered was the loss of ASCAP's license fee, and finding that the infringement "caused injury and damage to the plaintiff, which damage the plaintiff was unable to ascertain, compute or estimate," it assessed the minimum damages ($250) provided in the so called "in lieu clause of § 25(b) of the Copyright Act. See footnote 3 infra. The defendant raises the same questions on this appeal.

The first question—is ASCAP a necessary party to an action such as this—appears to have been passed upon only twice. M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470, 474–475; Leo Feist, Inc. v. Young, 7 Cir., 138 F.2d 972, 974. Both times it was answered in the negative, the court in the case last cited saying:

"In answer to defendant's contention that plaintiff may not maintain this action because it is not the real party in interest, we think the Copyright Act gives the right to sue for infringement to the copyright proprietor, 17 U.S.C.A. § 25, and since plaintiff is the proprietor, it may sue. M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470, 474, 475, affirmed 4 Cir., 2 F.2d 1020; cf. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 40, 43 S.Ct. 254, 67 L.Ed. 516. Even if the Copyright Act did not provide that such actions may be brought by the copyright proprietor, plaintiff is the principal and ASCAP is the agent so that under elementary principles, in an action against a stranger, the principal is the proper party plaintiff."

We see no reason to quarrel with this statement or even to add anything to it except to say that since the plaintiff transferred to ASCAP only one of the nine rights it obtained as copyright proprietor under § 1 of the Copyright Act, 17 U.S.C.A. § 1, ASCAP, under the rule of Waterman v. Mackenzie, 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923, was not an assignee but a licensee and so could not maintain a suit for infringement alone but could do so only by joining the copyright

---

[1] We are informed that pursuant to a consent decree entered on March 4, 1941, by the United States District Court for the Southern District of New York in an action entitled United States of America v. American Society of Composers, Authors and Publishers, this right, the preceding one, and also the right to issue licenses for the public performance of musical compositions to be mentioned hereafter, became non-exclusive and the agreement and ASCAP's articles of association were amended accordingly.

proprietor as plaintiff, (Buck v. Elm Lodge, Inc., 2 Cir., 83 F.2d 201, 202) and hence, the defendant being fully protected from a second suit for the same infringement,[2] there is no necessity for joining ASCAP as a party plaintiff.

The defendant's second point is equally without merit.

His contention is that the district court erred in assessing damages against him under the "in lieu" clause of § 25(b) [3] because the actual damages which the plaintiff suffered by reason of the infringement is definitely shown by the amount of the fee ($10) for which ASCAP would have licensed the one infringing performance for which the plaintiff brought suit. In brief his argument runs thus: First he points out that in Sheldon v. Metro-Goldwyn Pictures Corporation, 309 U.S. 390, 400, 60 S.Ct. 681, 684, 84 L.Ed. 825, the Supreme Court said: "In passing the Copyright Act, the apparent intention of Congress was to assimilate the remedy with repect to the recovery of profits to that already recognized in patent cases. Not only is there no suggestion that Congress intended that the award of profits should be governed by a different principle in copyright cases but the contrary is clearly indicated by the committee reports on the bill." And then he says that it is an old and well settled principle in patent cases that a patentee may show an established royalty "as indicative of the value of what was taken, and therefore as affording a basis for measuring the damages", and that even when the patent has been kept a close monopoly and there is no established royalty, it is "permissible to show the value by proving what would have been a reasonable royalty, considering the nature of the invention, its utility and advantages, and the extent of the use involved." Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 235 U.S. 641, 648, 35 S.Ct. 221, 224, 59 L.Ed. 398, and cases cited.

We must concede some logic in this argument but we cannot adopt it.

It is indicated in the case last cited and established in Enterprise Mfg. Co. v. Shakespeare Co., 6 Cir., 141 F.2d 916, 919, and the cases cited therein, that proof of either established or reasonable royalties may be resorted to in patent cases only when the patentee is unable to make satisfactory proof of his actual damage and the actual profits of the infringer. That is to say, a plaintiff in a patent case, if he prevails on the issue of infringement, may recover upon the basis of an established or reasonable royalty only after he has failed to prove satisfactorily his own loss and the infringer's profits. Thus the royalty rule provides successful plaintiffs in patent suits who have been harmed but cannot prove either their actual damages or the defendant's actual profits with a means to escape the hollow victory of an award of purely nominal damages. But the Copyright Act itself makes provision for similarly situated plaintiffs in copyright cases in the "in lieu" clause of § 25(b), a provision not found in the corresponding section of the Patent Law, (35 U.S.C.A. § 70), and from this we conclude that it is a substitute for the established or reasonable royalty rule applied in patent cases.

Moreover, it seems to us highly significant that we have been referred to and

---

[2] See Independent Wireless Co. v. Radio Corporation, 269 U.S. 459, 468, 46 S.Ct. 166, 169, 70 L.Ed. 357, in which it is said: "The presence of the owner of the patent [and the same must be true as to the owner of a copyright] as a party is indispensable, not only to give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions." See also Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 38, 43 S.Ct. 254, 67 L.Ed. 516, and cases cited.

[3] This section so far as here material and slightly rearranged for clarity provides that infringers shall be liable (a) to an injunction and (b) "To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement * * *, or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * * in the case of * * * musical compositions $10 for every infringing performance * * * such damages shall in no * * * case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty."

have found no case applying the patent rule contended for by the defendant in a copyright case, and that the Supreme Court in the Sheldon case supra, refused to sanction the closely analogous contention that damages in a copyright case ought to be the price at which the copyright proprietor had indicated his willingness to sell to the infringer.

The judgment of the District Court is affirmed with costs to the appellee.