**JEROME v. TWENTIETH CENTURY FOX FILM CORPORATION.**

District Court, S. D. New York.

June 20, 1945.

See also 58 F.Supp. 13.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll and Milton M. Rosenbloom, both of New York City, of counsel) for plaintiff.

Edwin P. Kilroe, of New York City, for defendant.

HULBERT, District Judge.

Motion by defendant for summary judgment. Federal Rules of Civil Procedure, Rule 56(c), 28 U.S.C.A. following section 723c. The action is for infringement of copyright.

A. For the purpose of this motion it is assumed:

1. Plaintiff is the authoress, and on July 25, 1896, secured a copyright, of a song entitled "Sweet Rosie O'Grady."

2. She renewed the copyright July 25, 1923.

3. On July 10, 1925, plaintiff and her publisher Jack Mills, Inc., entered into a contract of sale of the *moving picture rights* throughout the world in the song to one Herman Starr, reserving "all rights

of every kind and character in and to the aforesaid musical and literary composition and the renewal of copyright of the same, *save and except the so termed motion* picture rights of the same herein purported to be granted to the purchaser * * * *" (Starr) including the "right to make one or more motion picture versions thereof and to assign to others the right to do so." (Italics mine)

The contract between plaintiff and Starr required the latter to announce on the film and in paid advertising of such motion picture photoplays that same was based or adopted from or suggested by the aforesaid literary or musical composition written by plaintiff, "together with the name of the Sellers, except where the name of such photoplay shall be published with the names of other photoplays in group or list advertising, the name of MAUDE NUGENT need not be announced in connection therewith."

4. On July 10, 1925, Starr sold, assigned, conveyed and transferred to Columbia Pictures Corp., all his right, title and interest in and to the motion picture rights in the musical composition "Sweet Rosie O'Grady."

The assignment to Columbia by Starr was made subject to the foregoing provision of the contract between Starr and plaintiff.

B. Thus plaintiff assigned to Starr and his assigns, all her motion picture rights in her song and she gave Starr or his assigns permission to obtain a copyright on any motion picture that might be produced under the assignment. A motion picture was made by Columbia and it obtained a copyright thereon Nov. 22, 1926. See Special Stat. of 1912, 37 Stat. 488, 17 U.S. C.A. § 5, which allowed it to do so.

Attached to defendant's motion papers is an affidavit of Leo Jaffe, Assistant Treasurer of Columbia, who avers that Columbia has not transferred, conveyed or assigned to plaintiff any right or interest of any kind or type which Columbia acquired by assignment from Starr.

C. Plaintiff's contention that only a license to make one motion picture was granted by her assignment to Starr is squarely negated by the wording of the contract and the recorded assignment to Starr.

D. It does not appear that Columbia ever assigned or licensed defendant to produce the motion picture entitled "Sweet Rosie O'Grady"; whether it infringes upon Columbia's copyright or whether Columbia has ever sued defendant for or claimed an infringement.

E. But as each new arrangement of a song is separately copyrightable, Carte v. Evans, C.C.Mass., 27 F. 861, 862; Edmonds v. Stern, 2 Cir., 248 F. 897, so each new motion picture made from a particular song might be so distinct as to be separately copyrightable. Harper & Bros. v. Kalem Co., 2 Cir., 169 F. 61, 64, affirmed 222 U.S. 55, 32 S.Ct. 20, 56 L.Ed. 92, Ann.Cas.-1913A, 1285.

Since Columbia was given the right only to protect the copyright on its own motion picture against infringement, Columbia might not be the proper party to sue and the plaintiff could in that event sue for infringement of the song copyright under the rights she reserved in her contract with Starr. Kalem Co. v. Harper Bros., 222 U. S. 55, 32 S.Ct. 20, 56 L.Ed. 92, Ann.Cas. 1913A, 1285; See Goldwyn Pictures Corporation v. Howells Sales Co., Inc., 2 Cir. 282 F. 9. This latter case seems to hold that the owner of the original material could sue for infringement of a motion picture allegedly made from that material, provided there is no outstanding copyright, on a motion picture made with the consent of the owner of the original material, which would also be infringed. See O'Neill v. General Film Co., 171 App.Div. 854, 866, 869, 157 N.Y.S. 1028; Societe des Films Menchen v. Vitagraph Co., 2 Cir., 251 F. 258; De Croisset v. Vitagraph Co. of America, 2 Cir., 262 F. 100.

F. It appears, therefore, a question of fact exists whether plaintiff is the proper party to sue for alleged infringement because it has not also been shown whether defendant's picture is made with the consent of, or infringes upon, the Columbia copyright or may be within the domain of the plaintiff's copyright.

Motion denied.