## GOLDWYN PICTURES CORPORATION v. HOWELLS SALES CO., Inc., et al.

(Circuit Court of Appeals, Second Circuit. April 17, 1922.)

No. 301.

1. **Copyrights ☞85—Under Copyright Law, authorizing injunctions on bill of "any party aggrieved," a party, to be entitled to an injunction, must have a cause of action.**

Under Copyright Law, § 36 (Comp. St. § 9557), authorizing the court to grant injunctions "upon bill in equity filed by any party aggrieved," a person, to be entitled to an injunction, must have a cause of action, in view of section 25 (section 9546), providing for an injunction to restrain the infringement of a copyright, since section 36 does not create any new cause of action, but merely confers equitable jurisdiction in the United States courts to patent law and copyright controversies between citizens of the same state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Aggrieved Party.]

2. **Copyrights ☞85—Assignee, to whom owner of copyright in book assigned dramatic motion picture rights, but who did not obtain copyright, not entitled to injunction; "party aggrieved."**

Assignee, to whom owner of copyright in certain book assigned dramatic motion picture rights, but who did not copyright motion picture photoplay, under Copyright Law, § 11, as amended by Act Aug. 24, 1912 (Comp. St. § 9532), was not entitled to an injunction in the District Court against other production in violation of its rights under such assignment, under section 36 (section 9557), authorizing the court to grant an injunction at the instance of "any party aggrieved," since such assignee, not being the owner of a copyright, was not entitled to an injunction under section 25 (section 9546).

Appeal from the District Court of the United States for the Southern District of New York.

Action by the Goldwyn Pictures Corporation against the Howells Sales Company, Inc., and others. From an order granting an injunction pendente lite, defendants appeal. Reversed.

Appeal from an order of the District Court for the Southern District of New York enjoining defendants pendente lite from producing or dealing in a motion picture called "Vendetta." The bill alleges that on or about March 8, 1887, Archibald Clavering Gunter secured a copyright for a book entitled "Mr. Barnes of New York." Gunter died in 1907, leaving a will which was duly probated, and under which he bequeathed all of his right, title, and interest in the copyright to his widow, who was appointed executrix. The copyright would have expired by limitation on March 8, 1915.

On August 28, 1913, Mrs. Gunter sold, assigned, etc., to John F. Stephens, his executors, administrators, and assigns, all of her right, title, and interest "in and to the dramatic moving picture rights of the said book, and duly sold, assigned, transferred, and granted to the said Stephens, his executors, administrators, and assigns, the sole and exclusive dramatic moving picture rights of the said book for the full term of the copyright thereof, and all renewals thereof in the United States of America, and all other countries. * * * *" On October 7, 1914, Mrs. Gunter, as widow and executrix of the

will of the author, applied for a renewal of the copyright, which renewal was granted for a further term of 28 years from March 8, 1915.

There is no allegation that thereafter Mrs. Gunter conveyed any right or interest to any one. The complaint, therefore, discloses Mrs. Gunter as the sole proprietor of the copyright in the book, "Mr. Barnes of New York," since the date of the renewal by her. Plaintiff alleges that, upon acquiring the dramatic motion picture rights of the book, it produced a dramatic motion picture and had about completed the same at an expense of over $117,000, when the defendants commenced the exhibition of the "Vendetta," which plaintiff claims is an infringement of its copyright.

Charles J. Katzenstein, of New York City (Charles H. Tuttle and Carl E. Peterson, both of New York City, of counsel), for appellants.

Kelley & Becker, of New York City (Charles E. Kelley, of New York City, of counsel), for respondent.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). We shall not discuss defendants' contention that a renewal of the copyright of the book was not properly secured. For the purposes of this appeal we shall assume, without deciding, that plaintiff is the legal owner of the dramatic motion picture rights.

The relief prayed for in the bill is that prescribed in section 25 of the Copyright Act (Comp. St. § 9546), and the prayer is substantially the same as that in New Fiction Pub. Co. v. Star Co. (D. C.) 220 Fed. 994. At the outset it is insisted by plaintiff that it is not a licensee, but the assignee of a separately copyrightable copyright under the copyright statute. The Act of August 24, 1912, amended Copyright Law, § 11 (Comp. St. § 9532), so as to permit the copyrighting of motion picture photoplays and "Motion pictures other than photo plays."

At the time the suit at bar was commenced, plaintiff did not have a copyright under the act above referred to, but was merely the assignee of rights which may enable it hereafter to copyright a motion picture photoplay. Until then it will not be the owner of a copyright. Its present legal position is that it is the assignee of rights, but is in no sense the owner of a copyright. To say that plaintiff is the assignee of such rights is merely another way of saying that it is a licensee, so far as concerns the power of the court to grant injunctive relief.

Section 25, subd. (a), provides for an injunction restraining the infringement of "the copyright in any work protected under the copyright laws of the United States." This subdivision (a) of section 25 does not set forth who shall be the plaintiff in a suit for the infringement of a copyright, although subdivision (b) of the same section provides, inter alia, that an infringer shall pay damages and profits to "the copyright proprietor." Section 36 of the Copyright Law (Comp. St. § 9557) provides "that any such court or judge thereof shall have power, upon bill in equity filed by any party aggrieved, to grant injunctions. * * *" Sections 25 and 36 must be read together, under the principle applied by Lacombe, J., in New York Times Co. v. Star Co. (C. C.) 195 Fed. 110.

[1] The expression in section 36, "any party aggrieved," necessarily means any party who has a cause of action. The history of section 36 may be traced throughout the statutes and the decisions interpreting them. Section 36 does not create any new cause of action, but confers jurisdiction, and was enacted to extend the equitable jurisdiction of the United States courts to patent law and copyright controversies between citizens of the same state. Laws 1790, c. 15 (1 Stat. 124); Laws 1819, c. 19 (3 Stat. 481); Laws 1870, c. 230, § 106 (16 Stat. 215); U. S. R. S. § 4970; Walker v. Globe Newspaper Co., 140 Fed. 305, 313, 72 C. C. A. 77, 2 L. R. A. (N. S.) 913, 5 Ann. Cas. 274; Sullivan v. Redfield, 23 Fed. Cas. 357, No. 13597; Root v. Railway Co., 105 U. S. 190, 26 L. Ed. 975.

[2] In construing sections 25 and 36, it must always be remembered that so far as these two sections are applicable relief is not available for any wrong other than the infringement of "the copyright." Nowhere in the statute is there to be found any right conferred upon a licensee or upon an assignee less than the owner of the copyright. In Bobbs-Merrill Co. v. Straus, 147 Fed. 15, 77 C. C. A. 607, 15 L. R. A. (N. S.) 766, affirmed 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086, the court in contrasting the copyright statute with the statute relating to patents said, "The copyright statute provides only for the assignment of a right as a whole," so far as concerns licensees. The license under a copyright is analogous with that under a patent so far as affects the right to sue and beginning with the much cited case of Waterman v. Mackenzie, 138 U. S. 252, 255, 11 Sup. Ct. 334, 34 L. Ed. 923, the inability of a licensee to sue for an infringement is no longer an arguable question. Walker on Patents (5th Ed.) § 400.

It matters little, therefore, whether the plaintiff is called an assignee of the dramatic motion picture rights under the copyright or a licensee of those rights under the copyright. In either case, plaintiff does not own the copyright, and owns less than the whole. As yet it has not a copyright under the Act of August 24, 1912, and it does not gain the status of a copyright owner until and unless it shall have obtained a copyright under subdivision (l) of section 5 of said Copyright Law, as amended by Act of August 24, 1912 (Comp. St. § 9521), and, therefore, at this time has not any cause of action upon which it can sue.

In Photo-Drama Motion Picture Co., Inc., v. Social Uplift Film Corporation (D. C.) 213 Fed. 374, and 220 Fed. 448, 137 C. C. A. 42, an examination of the bill of complaint will disclose that plaintiff alleged that it was "the proprietor of the independent copyright upon the motion picture photo play manufactured by it" and the District Court stated:

"The jurisdiction of this court is beyond question, being dependent only upon the allegations in the bill that the plaintiff is the owner of a statutory copyright and that that copyright has been infringed."

For the reasons supra, we think that the order below should not have been made, and it must be reversed, and the bill in its present form must be dismissed by the District Court. As, however, it is

possible that there may be further proceedings, we express no opinion in respect of what the legal status of plaintiff would be if Mrs. Cunter were joined as party plaintiff, or if plaintiff should hereafter become a copyright proprietor under the Act of August 24, 1912.

The order is reversed, with costs, and it is ordered that the mandate issue forthwith.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes