## PAUL E. HAWKINSON CO. et al. v. CARNELL et al.
### No. 7292.

Circuit Court of Appeals, Third Circuit.
May 15, 1940.

William Carson Bodine, of Philadelphia, Pa. (Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., of counsel), for appellants.

Samuel E. Kratzok, of Philadelphia, Pa., for appellees.

Before BIGGS, MARIS, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

A bill of complaint was filed by Tiresoles, Inc., which joined Paul E. Hawkinson Company as an involuntary plaintiff, against Carnell & Bradburn, alleging infringement by them of certain United States letters patent issued to Hawkinson Company. An answer was filed; a hearing was had; and thereafter, the bill was dismissed. The appeal at bar is taken from that judgment.

The facts are not complicated. By an agreement dated October 3, 1933, Hawkinson Company gave Roehrs, in the terms of the bill of complaint, "an exclusive right and license to practice and use the method and apparatus" disclosed by the letters patent in certain designated territory, including the city of Philadelphia, subject, however, in the words of the bill of complaint, "to a right and license in the General Tire and Rubber Company to practice and use said method and apparatus in its company-owned store in said City and County * * *". The bill of complaint also alleges that on October 6, 1933, Roehrs, with the consent of Hawkinson Company, assigned the license to Tiresoles, Inc. In their answer the appellees in effect admit the existence of the license of October 3, 1933, by Hawkinson Company to Tiresoles, Inc., but they allege that there was then in existence a verbal agreement, later reduced to writing, between Hawkinson Company and the General Tire and Rubber Company[1] to which the license granted by the

---

[1] This company is variously referred to in the pleadings as the "General Tire and Rubber Company" and as the "General Tire Company." We think that the latter title is the correct one. This company was apparently a Pennsylvania corporation. Its assignee, the "General Tire and Rubber Company", seems to have been an Ohio corporation.

contract of October 3rd to Tiresoles, Inc., had been expressly made subject. Paragraph 17 of this agreement, when reduced to writing on October 19th, provided: "This agreement and the rights and liabilities thereunder shall inure to the benefit of and be binding upon the successors and assigns of the Licensor; and it is mutually agreed that the Licensee shall have the right to assign this contract and the License herein given to the General Tire and Rubber Company, a corporation of Ohio, having its principal place of business at Akron, Ohio, and that upon such assignment to said corporation, the latter shall have the right to re-assign the said contract and license therein given to third parties subject to the terms and conditions of the said contract. If assignment is to be made, as above provided, from the Licensee to the General Tire and Rubber Company and if the General Tire and Rubber Company then make assignment to a party or concern, first in writing accepted by the Licensor, to-wit: the Paul E. Hawkinson Company, then the said party accepted by said Hawkinson Company as a satisfactory Licensee shall become responsible for and subject to the terms and conditions of this contract and the General Tire and Rubber Company shall then be relieved from personal obligations under the provisions of this contract."

The appellees allege that on March 21, 1938, General Tire Company, as licensee, assigned all right, title and interest in its license from Hawkinson Company to General Tire and Rubber Company, an Ohio Corporation, and thereafter General Tire and Rubber Company, the Ohio corporation, assigned to the appellees its right, title and interest in the license agreement.

■ The parties are in substantial accord as to the facts alleged but not as to the legal conclusions to be drawn from them. The appellees contend that the court below did not have jurisdiction of the case for, say the appellees, the parties are citizens of the same state and the controversy is not one arising out of the patent laws of the United States, since the validity of the patents is admitted by all, citing Hartell v. Tilghman, 99 U.S. 547, 25 L.Ed. 357. The bill of complaint in the suit at bar, however, does not anticipate the defense of license, as was the case in Hartell v. Tilghman, and we are of the opinion that White v. Rankin, 144 U.S. 628, 12

S.Ct. 768, 36 L.Ed. 569, states the prevailing rule of law. The District Court therefore had jurisdiction to entertain the suit which is one to enjoin infringement of the patents.

■ The appellees also contend that Tiresoles, Inc., does not have such an interest in the patent as to give it the right to join the owner of the patent as an involuntary plaintiff and thus to maintain the suit at bar. We conclude otherwise. Tiresoles, Inc., is an exclusive licensee, though not a sole licensee. The fact that a prior bare license was granted by Hawkinson Company to General Tire and Rubber Company does not render Tiresoles, Inc., any less an exclusive licensee. We adhere to the view expressed by Judge Swan in Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 42 F.2d 116, 119. Judge Swan stated in part, "A bare license might be outstanding in one when the patent owner grants a license to another accompanied by the promise that the grantor will give no further licenses. In such a case, the second licensee needs the protection of the right of joinder in a suit against infringers as much as though he were the sole licensee." See also Radio Corp. v. Emerson, 2 Cir., 296 F. 51; Gayler v. Wilder, 10 How. 477, 13 L.Ed. 504; and Independent Wireless Telegraph Company v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357. We conclude that the appellant, Tiresoles, Inc., had the right to join the Hawkinson Company as an involuntary plaintiff.

■ Having disposed of the technical defenses, we come to the merits of the case. If the appellees are making use of the Hawkinson method under a license granted originally by Hawkinson Company to General Tire and Rubber Company, but validly assigned to the appellees, they may not be held to be infringers. Tiresoles, Inc. contends that the correct interpretation of paragraph 17 requires the conclusion that General Tire and Rubber Company, the Ohio company, could not assign validly the license assigned to it, to the appellees without the written acceptance by the Hawkinson Company of the appellees as licensees. We cannot agree with this contention. In our opinion a right of assignment was given by the first sentence of paragraph 17 and this right was not restricted by the words of the second sentence of the paragraph which

releases the original licensee upon the assignment by it of the license to a licensee whom the licensor accepts formally. If the licensor accepts the licensee in writing as provided by paragraph 17, a novation is effected by which the last licensee becomes responsible for the performance of the terms of the contract and the original licensee is relieved from its obligations thereunder.

The judgment of the court below is affirmed.