## FIELD v. TRUE COMICS, Inc. et al.

United States District Court
S. D. New York.
Feb. 3, 1950.

612

Bernard J. Coven, New York City, for plaintiff.

Fennelly, Lowenstein, Engelhard & Pitcher, New York City (Herbert P. Polk, New York City, of counsel), for True Comics, Inc.

Sol A. Rosenblatt, New York City, for DiMaggio.

COXE, District Judge.

This is a motion by defendant True Comics, Inc., to dismiss the complaint in an action brought under Section 1 of the Copyright Act of 1947, 17 U.S.C.A., § 101, for copyright infringement. The motion is made upon three grounds: (1) failure to state a claim upon which relief can be granted; (2) lack of jurisdiction because plaintiff, being a mere licensee, cannot bring an action under the Copyright Law without showing diversity of citizenship, which is not alleged, and (3) that DiMaggio, the author of the copyrighted book, is an indispensable party plaintiff and should have been joined as such.

The complaint alleges that, prior to June 5, 1946, defendant DiMaggio wrote an original book, entitled "Lucky to be a Yankee"; that, pursuant to contractual arrangements with DiMaggio, plaintiff agreed to publish and copyright the book; that plaintiff copyrighted the book and received a certificate of registration dated June 20, 1946 in Class A; that plaintiff has published the book since then; that, from June 6, 1946 to February 13, 1947, plaintiff was the sole proprietor of all rights, title and interest in the copyright; that on February 13, 1947 plaintiff assigned to DiMaggio all rights, title and interest in the copyright, except that he reserved to himself the sole and exclusive right to publish, print and market the book, and that DiMaggio granted and assigned to him the sole and exclusive right to publish, print and market the book; that True Comics infringed the copyright by publishing and placing on the market a book entitled "True Comics", the issue of May 1948, which contained "The Story of Joe DiMaggio—The Yankee Clipper", which was copied largely from plaintiff's copyrighted book; and that True Comics has been notified of the infringement, and has continued to infringe. The usual judgment for an injunction, accounting and damages against True Comics is demanded.

No claim is asserted against DiMaggio, nor is any reason given for making him a defendant. And there is no allegation as to the citizenship of any of the parties.

Plaintiff has not annexed to the complaint a copy of the agreement of February 13, 1947, but defendant True Comics has submitted a photostatic copy. As it is this agreement which plaintiff relies upon, the complaint must be read as though the agreement had been incorporated in it. The agreement is between DiMaggio and plaintiff. It does not assign to plaintiff, as alleged in the complaint, "the sole and exclusive right to publish, print and market the book", which is one of the statutory subdivisions of a copyright enumerated in Section 1 of the Act, but "the sole and exclusive right to publish, print and market in book form, in the United States, the aforesaid work now entitled 'Lucky to be a Yankee'," all other rights being specifically reserved by DiMaggio. This is a much more limited right than the one alleged in the complaint.

■ Section 1 of the Copyright Act confers upon the copyright owner several separate and distinct rights, such as the right to publish, print and market the copyrighted work, the right to dramatize it, the right to novelize it, etc. Each of these separate rights may be transferred in its entirety to another, or a limited interest in the right, less than the whole, may be transferred. See Interstate Hotel Co. of Nebraska v. Remick Music Corp., 8 Cir., 157 F.2d 744.

■■ A person to whom has been transferred only a limited right is a mere licensee of the particular right, and, as such, is not empowered to sue alone for violation of the copyright. Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923; New Fiction Pub. Co. v. Star Co., D.C.S.D. N.Y., 220 F. 994; Goldwyn Pictures Corp. v. Howells Sales Co., 2 Cir., 282 F. 9; Widenski v. Shapiro, Bernstein & Co., 1 Cir., 147 F.2d 909. But, if he is an exclusive licensee, even though of a limited right only, he may sue for infringement of the copyright by joining the owner as a plaintiff. Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 42 F.2d 116, certiorari denied, 282 U.S. 873, 51 S.Ct. 78, 75 L.Ed. 771; Buck v. Elm Lodge, Inc., 2 Cir., 83 F.2d 201; Paul E. Hawkinson Co. v. Carnell, 3 Cir., 112 F.2d 396. And, if the owner refuses to join, after being requested so to do, and is without the jurisdiction, he may be joined as an involuntary party plaintiff, where that is necessary in order to protect the rights of the exclusive licensee. Independent Wireless Telegraph Co. v. Radio Corp., 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357.

■ Plaintiff here is clearly an exclusive licensee of certain limited rights under a copyright. But there is no allegation that plaintiff has requested DiMaggio to join as plaintiff and that he has refused, or that he is without the jurisdiction, nor is any reason alleged for making him a defendant. Plaintiff argues that this course of procedure falls squarely within the scope of Rule 19(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for DiMaggio, by alleging in his answer that his rights in the copyright are superior to those of plaintiff, plainly demonstrates his hostility to plaintiff.

Rule 19(a) provides: "Persons having a joint interest shall be made parties and be joined *on the same side* as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff." The term "joint interest" must be construed to mean those who would be necessary or indispensable parties under the old practice. Moore's Federal Practice, 2d Ed., Vol. 3, p. 2144. Here, DiMaggio, although he alleges in his answer that he is a citizen of California, has been served with process and has answered, setting up as a cross-claim against True Comics essentially the same claim for infringement of the same copyright as that alleged by plaintiff, and alleging that his rights and claims against True Comics are superior to those of plaintiff. Therefore True Comics cannot be harmed, whether DiMaggio's claim against it be asserted as a coplaintiff or as a defendant. Under these circumstances, I think that DiMaggio was properly made a defendant.

■ Plaintiff's rights in the copyright are of a very limited character—only the right to publish the copyrighted work *in book form* in the United States. DiMaggio specifically reserved to himself all other rights in the copyrighted work, and could, of course, have licensed or permitted True Comics to publish the copyrighted work in any manner except in book form, and plaintiff's rights would not be violated thereby. See Tully v. Triangle Film Corp., D.C.S.D. N.Y., 229 F. 297; Eliot v. Geare-Marston, Inc., D.C.E.D.Pa., 30 F.Supp. 301. Thus plaintiff has no claim unless the alleged infringing work is a publication of the copyrighted work *in book form*. It is plain that it is not such a publication.

■ The alleged infringing work is the May 1948 issue of "True Comics", a comic magazine of 32 pages and the covers, containing several comic cartoon strips, several stories in prose, advertising and other matter. It is printed on cheap paper, and is the usual size of a comic magazine. One cartoon strip, of eight pages, is entitled

"Joe DiMaggio, the Yankee Clipper". It contains 41 panels, with no reading matter except the descriptive remarks in the panels, portraying various incidents in the life of DiMaggio from his start as a baseball player with the San Francisco Seals and his rise until he helps win the 1947 World Series.

Whether this publication is an infringement of the copyright of the book itself need not be considered, for clearly the cartoon strip is not a publication *in book form*. This would appear to be so from mere inspection, but True Comics has submitted affidavits of two book publishers as to the meaning of the term "in book form" in the trade, who state that the term has a well-known meaning and does not include such a publication as that in True Comics. These affidavits are not controverted by plaintiff. It is immaterial whether the magazine is classifiable as a book under the Copyright Act; the question is whether the publication is a publication "in book form", as the term is used in the agreement. Plaintiff has, therefore, not stated a claim upon which relief can be granted, and his complaint is dismissed.