**ROSEN et al. v. REX AMUSEMENT CO.**

Civil Action No. 4216–51.

United States District Court
District of Columbia.
April 30, 1952.

David G. Bress and Sheldon E. Bernstein, Washington, D. C., of the firm of Newmyer & Bress, Washington, D. C., for plaintiff.

Robert E. Sher, Monroe Oppenheimer and Abraham J. Harris, Washington, D. C., of the firm Sher, Oppenheimer & Harris, Washington, D. C., for defendant.

MORRIS, District Judge.

The amended complaint seeks relief with respect to a lease entered into between the plaintiff, who is a resident of Maryland, the involuntary plaintiffs and one Diana Epstein, as co-partners trading as "The Howard Theatre," lessor, and the defendant Rex Amusement Company, a corporation, lessee, on May 1, 1948, with respect to certain property situate in the District of Columbia, known as 620 T Street, N.W. which lease is for a term of fifteen years from the first day of June 1948, for a total rent or sum of $450,000, payable monthly in advance in the sum of $2,500 on the first day of each month during said term, which rent is to be paid the lessor "at Howard Theatre, C/o Rooney, Inc., 8782 Sunset Boulevard, Los Angeles 46, Calif., Attention: Samuel H. Stiefel, or at such other place as the Lessor in writing may require." It is alleged in the amended complaint that plaintiff owns an undivided interest, being 5 per centum, of the property covered by said lease, and, therefore 5 per cent of the rents accruing under said lease. The plaintiff alleges that, without her consent and over her objections, but with the consent of the involuntary plaintiffs Nathan A. Stiefel, Samuel H. Stiefel and Alexander G. Stiefel, the defendant has made personal loans of large sums of money to the involuntary plaintiff Samuel Stiefel, and by reason of said transactions the rent provided under the lease has not been paid by the defendant as provided in said lease, and plaintiff has not received her share of said rentals. The plaintiff asserts the illegality of said loans and of certain mortgages on that part of the property owned by the involuntary plaintiffs, which mortgages do not purport to cover her interest in said property. The relief sought by the amended complaint is a judgment in favor of the plaintiff against the defendant for the rent due the plaintiff which has already accrued, a declaratory judgment that future rents shall be paid to the plaintiff by the defendant in the amount of $125 per month, a judgment that the mortgages alleged to be invalid be so declared as against the title of the plaintiff and her co-tenants, a judgment declaring the defendant is in default on the ground of nonpayment of rent, as required by the terms of the lease, and that the plaintiff and her co-tenants are entitled to immediate possession, and for such other relief as the Court may deem proper.

The involuntary plaintiffs named in the amended complaint all reside in the State of Pennsylvania, and are not subject to the jurisdiction of this Court in a personal action such as this. When a party is a co-tenant with others, or a member of a co-partnership, such as the lessor in this case, that person may not maintain an action against the party obligated to such co-tenants or co-partnership jointly without all parties so interested being joined in the action. That is one of the hazards that any one assumes when associated in such relationship. Here the plaintiff is seeking relief which is in effect the dissolution of the partnership in an action in which the other partners are not proper parties. It is asserted that the plaintiff has the right to bring such nonassenting parties in as involuntary plaintiffs under Rule 19(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. That rule

was never intended to enable the bringing in of parties who are not subject to the jurisdiction of this Court for adversary action against them, but only when their relation to the plaintiff is such that, in law, they are obligated to permit the use of their name in supporting the action being prosecuted by the plaintiff. The typical illustration of a proper case in which an involuntary plaintiff is permitted is where the involuntary plaintiff is the owner of a patent which has been licensed to the plaintiff, and where it is clearly the obligation of the owner of the patent to permit the licensee to prosecute actions against an infringement. In the instant case, the plaintiff, in briefs, asserts that in effect the co-partnership has been terminated by the alleged wrongful actions of the involuntary plaintiffs and the defendant. She asserts that an action against the involuntary plaintiffs in Pennsylvania, where she could get jurisdiction of them, would be subject to the objection that the defendant, situate in the District of Columbia, could not be made a party in that action. It is, of course, desirable, where practicable, to avoid a multiplicity of suits, but obviously the situation here requires an action by the plaintiff against the involuntary plaintiffs in a jurisdiction where they can be brought in for such relief as she may be entitled to by way of an accounting and dissolution of the partnership and appointment of a receiver for the co-partnership's assets, or such other relief as to which she may be entitled. And then, appropriate action, if necessary, could be taken by the appropriate party or parties in this jurisdiction with respect to any relief to which they might be entitled from the defendant.

Of course, in an appropriate action with respect to the real property situate in the District of Columbia, there would be no question that jurisdiction in this Court would extend to the interests of the parties in the rem, but that is not the present action.

■ For the reasons stated, the motion to dismiss will be granted. Counsel will prepare and submit an appropriate order carrying this decision into effect.

## On Motion for Rehearing

This Court entered an order on the 6th of May 1952, granting a motion of defendant to dismiss the amended complaint without prejudice to any action in which all necessary parties are properly before the Court. This was entered based upon the conclusions stated in a memorandum opinion filed in the case on April 30, 1952. The original complaint sought relief by the plaintiff from the defendant based upon her interests in a certain lease, executed by certain parties, including the plaintiff, as co-partners, lessor, and the defendant as lessee. The amended complaint sought substantially the same relief, and the plaintiff's co-partners were named as involuntary plaintiffs, it being stated that such co-partners would not join in the action as plaintiffs and were not within this jurisdiction, and could not, therefore, be brought in as defendants.

The action of the Court in dismissing the amended complaint was a determination that the relief sought could not be granted in an action in which plaintiff's co-partners were not properly before the Court. The plaintiff has now moved for a rehearing and vacation of that order of the Court, and in the alternative for permission to file a third amended complaint, in which the plaintiff seeks to recover damages from the defendant and her co-partners, who are named as defendants, arising out of an alleged conspiracy. Plaintiff's motion and alternate motion are opposed by the defendant.

No showing has been made which would justify the Court in vacating the order of dismissal, nor any reason stated why a rehearing should be granted looking to that action. That motion is denied.

■ The alternative motion for leave to file a third amended complaint requires a determination as to whether such proposed amendment, copy of which is attached to the motion, falls within the proper scope of an amendment. Under the Fed.

eral Rules of Civil Procedure considerably more liberality should be permitted with respect to amendments than was formerly the practice. A mere change in theory upon which the plaintiff seeks to obtain relief would not ordinarily preclude an amendment, nor would the allegation of facts showing more clearly that the plaintiff is entitled to the relief sought, but where, as here, there is proposed an entire and complete departure from the original relief sought in order to maintain an action which this Court has determined should not be maintained without certain necessary parties, properly served, before the Court, such course seems clearly to be beyond the scope of a proper amendment to a pleading which has been dismissed. If wrong has been done to the plaintiff, there can be no doubt that her co-partners are the ones who ought to be proceeded against, which obviously can be done in the jurisdiction where they are to be found, and her action here ought not to be permitted to be converted into an action for conspiracy so as to proceed against only one defendant in the absence of those who, by her own deliberate pleadings, have been shown to be necessary parties, and over whom she cannot secure jurisdiction here. The motion for leave to amend is denied.

Counsel will prepare an appropriate order carrying these decisions into effect.