234 F.2d 819
 110 U.S.P.Q. 107
 INDUSTRIAL SYNTHETICS CORPORATION (American Hard Rubber
Company, substituted in place of Industrial
Synthetics Corporation), Appellant,
v.
SWAN RUBBER COMPANY and Beck & Gregg Hardware Company, Appellees.
 No. 15736.
 United States Court of Appeals Fifth Circuit.
 June 30, 1956.
 
 W. Brown Morton, Jr., New York City, Albert E. Mayer, Atlanta, Ga., Stanton T. Lawrence, Jr., New York City, Pennie, Edmonds, Morton, Barrows & Taylor, New York City, of counsel, for appellant.
 John H. F. Leonard, Pittsburgh, Pa., Wellborn B. Cody, Atlanta, Ga., Walter J. Blenko, Pittsburgh, Pa., Henry P. Dart, III, New Orleans, La., Smith, Kilpatrick, Cody, Rogers, & McClatchey, Atlanta, Ga., Dart, Guidry & Dart, New Orleans, La., Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., of counsel, for appellees.
 Ford W. Harris, Jr., Los Angeles, Cal., for Resin Industries, Inc.
 Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 Naming, as co-plaintiff, Resin Industries, Inc., a California corporation, hereafter called 'Resin', the owner of the patent in suit, appellant, Industrial Synthetics Corporation, a New Jersey corporation, hereafter called 'Industrial', brought this suit as exclusive licensee, against Swan Rubber Company, an Ohio corporation, hereafter called 'Swan', and Beck & Gregg, a Georgia corporation, hereafter called 'Beck', for infringement of Letters Patent No. 2,612,075, for an injunction and for damages.
 
 
 2
 On October 20, 1954, an order was entered relieving counsel for Industrial from representing Resin, and on December 20th, Resin filed a motion to dismiss the action because filed without its authority or consent. On March 2, 1955, Beck filed a motion to dismiss the action for want of an indispensable party, 'Resin', on the ground that Resin had not made itself a party voluntarily and, under the rule of Independent Wireless Tel. Co. v. Radio Corporation, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357, Industrial was without authority to name Resin as an involuntary party.
 
 
 3
 After a full hearing on briefs and oral argument, the district judge, in substantial agreement with movant that the action should be dismissed, though differing with movant upon whether Industrial's license was an exclusive one, filed findings of fact[1] and conclusions of law in which he stated his reasons and entered an order, dismissing the suit.
 
 
 4
 Plaintiff, Industrial, appealing from the order, is here urging upon us that it was error to so find, conclude, and adjudge. We cannot agree.
 
 
 5
 An examination of the contents of the license agreement, the admissions, the answers to interrogatories, the affidavits, the pleadings and motions considered by the trial court in making the order appealed from, convinces us that the record amply supports its findings of fact and its conclusion, that under the teachings of Independent Wireless Company v. Radio Corporation, supra, Industrial cannot maintain the suit alone and should not be permitted to force upon Resin an involuntary joinder, and that the suit should, therefore, be dismissed, of course without prejudice, for want of an indispensable party.
 
 
 6
 While what is said, in the Independent Wireless case, supra, 269 U.S. at pages 470, 471, and 472, 46 S.Ct. at pages 170 and 171, 70 L.Ed. 357, with the authorities cited there, on which appellant so strongly relies, is persuasive, it is not we think, sufficiently so to overcome our strong conviction that, under the facts and circumstances of this case, including the fact of the very real controversy between Industrial and Resin[2] over the meaning and effect of the license agreement, the district judge exercised a permissible and wise discretion in declining to order Resin to join as plaintiff in the case on pain of being bound by the judgment in it in case it refused to do so.
 
 
 7
 The order dismissing the suit without prejudice was right. It is affirmed.
 
 
 
 [1]
 These were: (1) Resin is not a voluntary party, it was not asked to become a party, it did not consent to, or authorize the bringing or maintenance of the action; (2) it did not waive its right to object to, or ratify, its bringing, and Industrial had no right to make Resin a party without having requested its permission to do so; (3) Industrial has no legal title to the patent and cannot sue alone on it; (4) Resin, as the owner of the patent, is an indispensable party in any action for alleged infringement
 
 
 [2]
 Cf. Gus W. Lang v. Patent Tile Co., 5 Cir., 216 F.2d 254