**FIRST FINANCIAL MARKETING SERVICES GROUP, INC.,** Plaintiff,

v.

**FIELD PROMOTIONS, INC., Defendant.**

**No. 68 Civ. 2089.**

United States District Court
S. D. New York.

July 5, 1968.

Milbank, Tweed, Hadley & McCloy, New York City, for plaintiff; by Andrew J. Connick, and John J. Jerome, New York City, of counsel.

Dublirer & Haydon, New York City, for defendant; by Charles Haydon, New York City, of counsel.

OPINION

POLLACK, District Judge.

Defendant moves to dismiss the complaint herein which seeks a declaratory judgment that plaintiff is not infringing the defendant's copyright. The copyright is on a bank loan application form, registered under the trademark "Zip".

Jurisdiction is posited on diversity of citizenship and requisite amount in controversy. The plaintiff is a Massachusetts service organization which renders market services to banks and lending institutions. The defendant is a New York corporation located in this District and is engaged in the same line of business as the plaintiff.

The plaintiff recently purchased a business form similar in idea to the Zip form, which plaintiff intends to merchandise. According to plaintiff, its form is neither a copy nor an infringement on defendant's form. Nevertheless defendant charges infringement and has threatened to sue plaintiff and its customers for an injunction and damages if plaintiff merchandises its form.

The defendant's motion asserts legal insufficiency of the claim, absence of an allegedly indispensable party, and that plaintiff is not the real party in interest. (Rules 12(b) (6), 12(b) (7) and 17(a), F.R.Civ.P.). Central to all these grounds for the motion are the defendant's contentions that Winters National Bank of Dayton, Ohio (hereafter "Winters") is the copyright owner of the plaintiff's form; that plaintiff's form is registered under the trademark "Loan Alone"; and that in the absence of Winters as a party, this action may not proceed because the action will necessarily bring into issue the validity of the Winters copyright.

The facts alleged in the complaint are that Winters created and copyrighted under the trademark "Loan Alone" a combined self-scoring credit test and bank loan application form, and then sold the form to plaintiff to an extent, which the complaint alleges as follows:

"5. In or about March 25, 1968, Winters sold and assigned to plaintiff

ownership of and the exclusive right to sell the Loan Alone test form throughout the United States, except in the State of Ohio."

In consequence of this transaction, plaintiff argues here that it is the owner of the form.

Defendant's Zip form, the subject matter of this suit, is appropriately described as a "Do-It-Yourself" loan application. It is a business form furnished to an applicant for a bank loan who then fills out the application by circling numbers on the form and entering the results on a postage free reply card. The numbers so circled become the borrower's credit profile and this is processed by the bank without the need for a loan interview. The numbers on the form are coded to printed answers respecting a variety of inquiries such as the amount of money wanted and the repayment schedule desired; the purpose of the loan; marital status; size of borrower's family; how long the borrower has lived at the present address; facts concerning employment. the length thereof; monthly income and the manner in which the borrower is paid; present living facilities; monthly rent or mortgage payment obligations; and the total of all of applicant's monthly obligations. "Zip" proclaims that the coded information is processed with "Zip speed".

The form which the plaintiff markets serves a similar banking purpose; it is a combined self-scoring credit test and loan application form which permits prospective borrowers to evaluate for themselves their credit potential. This form, offered for sale under the registered trademark "Loan Alone", is advertised as "A quick, private way to qualify yourself for a Winters Loan".

Users of the Loan Alone form are told to answer each question thereon and to list the points scored thereby in the space provided; then, to add up the points and compare the total with the chart of passing scores. The applicant is advised that if his score is equal to or higher than the passing score for the type of loan for which he wants to apply, he is qualified for a Winters loan. He is further told that "the exact amount Winters can lend you will be individually determined by your friendly Winters loan specialist based on the purpose of the loan, your income, and the amount you presently owe". To those who have passed their "Winters Loan Alone" test, the form extends "congratulations" and the invitation to "Bring or mail your form and application to any of our 18 offices. Or * * * handle the transaction by telephone". The unsuccessful contestant is not altogether rejected. He is told that "even if you disqualify yourself on the basis of this test, Winters would like the opportunity to review your loan application. Special circumstances many times affect * * * decision".

The plaintiff describes its action as simply one which seeks declaratory relief necessitated by defendant's threats to sue plaintiff and its potential customers for utilizing property rightfully acquired by it. Plaintiff says that the relief sought herein simply requires a determination that the Loan Alone test form does not infringe the defendant's copyrighted Zip form and that such determination can be made without reference to the validity of the Loan Alone copyright. For these reasons, the plaintiff asserts that Winters is neither an appropriate nor indispensable party and that a sufficient controversy exists between the parties to the suit to allow maintenance thereof to determine whether defendant's copyright on the Zip form is being infringed.

Plaintiff's logic appears to be sound, but only if an adjudication is ultimately rendered in its favor. However, if a Court should find that plaintiff is not entitled to declaratory relief upon the merits, the inescapable implication is that the Loan Alone test form in fact infringes the Zip copyright.

A copyright extends to the "expression" of a business form, not to its "idea". The "expression" is not considered to be infringed by anyone "unless

he descends so far into what is concrete as to invade that 'expression'." L. Hand, C. J. in National Comics Publications v. Fawcett Publications, 191 F.2d 594, at 600 (2d Cir. 1951). "A copyright extends only to the arrangement of the words." Becker v. Loew's, Inc., 133 F.2d 889, 891 (7th Cir. 1943).

■ It is familiar law that the copyright owner is an indispensable party to a suit where the validity of his copyright is in issue. Goldwyn Pictures Corp. v. Howells Sales Co., 282 F. 9 (C.C.A. 2, 1922). To the same effect see, Field v. True Comics, Inc., 89 F.Supp. 611, 613 (S.D.N.Y.1950); Manning v. Miller Music Corp., 174 F.Supp. 192, 196 (S.D.N.Y.1959); Cable Vision, Inc. v. KUTV, Inc., 335 F.2d 348, 353–354 (9th Cir. 1964), cert. den. sub nom. KLIX Corp. v. Cable Vision, Inc., 379 U.S. 989, 85 S.Ct. 700, 13 L.Ed.2d 609 (1965); and the two opinions in Hoffman v. Santly-Joy, Inc., 51 F.Supp. 778; and 779 (S.D.N.Y.1943), which involve a case very similar to the one at bar.

" * * * [T]he inability of a licensee to sue for an infringement is no longer an arguable question." Goldwyn Pictures Corp. v. Howells Sales Co., 282 F. 9, 11 (C.C.A. 2, 1922). Cf. Caldwell Mfg. Co. v. Unique Balance Co., 18 F.R.D. 258, 264 (S.D.N.Y.1955) where Judge Herlands wrote:

"In the absence of the licensor-patentee as a party defendant in the Southern District action, this declaratory judgment proceeding must fail, since the "case or controversy" requirement is unsatisfied. Without the owner of the patent before this Court, the validity of the patent may not be adjudicated. Under such circumstances, the allegations of non-infringement and invalidity of the patent present moot issues because no substantial controversy exists pursuant to the mandate of the Declaratory Judgment Act."

■ The plaintiff claims that it qualifies as the present owner of Loan Alone. It points to the allegations in paragraph five of the complaint asserting that plaintiff is the owner of the Loan Alone test form. If Winters is indeed only a prior owner, it has no stake in this suit and need not be brought in as a party. It is clear that the law does not require the presence of a prior copyright owner in a litigation which tests the validity of a copyright. 3A Moore's Federal Practice ¶ 17.11[2].

■ However, a transfer to be effective as a transfer of ownership must convey all ownership rights; legal title to copyright may be transferred only in totality. When the rights are split up and partially assigned either as to time, place or particular rights or privileges, the limited grant of exclusive rights operates merely as a license, not an assignment of ownership of a copyright. Hirshon v. United Artists Corp., 100 U.S. App.D.C. 217, 243 F.2d 640, 643 (1957); M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F.470, 474–475, aff'd, 2 F.2d 1020 (4th Cir., 1924); Eliot v. Geare-Marston, Inc., 30 F.Supp. 301, 306 (E.D.Pa.1939); Finkelstein, The Copyright Law—A Reappraisal, 104 U.Pa. L.Rev. 1025, 1060 (1956).

■ Giving paragraph five of the plaintiff's complaint, supra, its fairest reading, this Court must conclude that plaintiff is the assignee of something less than full ownership of the Winters copyright on the Loan Alone test form; plaintiff appears to be Winters' exclusive licensee within a limited territory. No facts have been pleaded to support the other possibility—that plaintiff is the assignee of full copyright ownership and Winters is plaintiff's licensee, on a "lease-back" arrangement, for the State of Ohio.

Consequently, since the validity of the Loan Alone copyright could be affected adversely to the owner thereof, Winters is an indispensable party. The test of infringement of defendant's copyright necessarily tests Loan Alone which is owned by Winters.

■ Contrary to plaintiff's argument, such a determination does not leave plain-

tiff without a forum for adjudication, since, in the event plaintiff cannot induce Winters to join voluntarily and cannot effect service upon Winters in this District, Winters may be joined as an involuntary plaintiff pursuant to the doctrine of Independent Wireless Telegraph Co. v. RCA, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), embodied in Rule 19(a), F.R.Civ.P. There the Court, speaking through Chief Justice Taft, said:

" * * * the implied obligation of a licensor to allow [the] use of his name is indispensable to the employment by the licensee of the monopoly which by personal contract the licensor has given * * * [at p. 469, 46 S. Ct. at p. 170.] The owner beyond the reach of process may be made coplaintiff by the licensee, but not until after he has been requested to become such voluntarily. If he declines to take any part in the case, though he knows of its imminent pendency and of his obligation to join, he will be bound by the decree which follows. We think this result follows [from] the general principles of res judicata." (at p. 473, 46 S.Ct. at p. 171.)

This doctrine has been limited by the Courts to cases involving patents and copyrights. 3A Moore's Federal Practice ¶ 19.06. For its application in copyright cases see, Cable Vision, Inc. v. KUTV, Inc., 335 F.2d 348, 353–354 (9th Cir. 1964), cert. den. sub nom. KLIX Corp. v. Cable Vision, Inc., 379 U.S. 989, 85 S.Ct. 700, 13 L.Ed.2d 609 (1965); and Hoffman v. Santly-Joy, Inc., 51 F.Supp. 778; and 779 (S.D.N.Y.1943).

█ Accordingly, pursuant to Rule 21, F.R.Civ.P., the defendant's motion is granted to the following extent: Unless plaintiff, within 60 days, amends its summons and complaint to join Winters as a voluntary plaintiff, or amends to join Winters as an involuntary plaintiff pursuant to Rule 19(a), F.R.Civ.P., or amends its complaint to assert copyright ownership, if such be the case, the action is dismissed.

So ordered.