V. Peter **FERRARA**, d.b.a. **Nelson-Hall Co.**, et al.

v.

**RODALE PRESS, INC.**

Civ. A. No. 71–2645.

United States District Court, E. D. Pennsylvania.

Jan. 13, 1972.

Charles H. Lindrooth, J. Donald McCarthy, Synnestvedt & Lechner, Philadelphia, Pa., for plaintiffs.

Franklin Poul, Morton J. Simon, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action for copyright infringement arising under the copyright

---

laws of the United States, 17 U.S.C. § 1 et seq., and for related unfair competition. Plaintiff, Nelson-Hall, is a book publisher. On June 26, 1970, Nelson-Hall entered into a contract with involuntary plaintiffs, Gofman and Tamplin, in which Gofman and Tamplin granted to Nelson-Hall an exclusive license to print, publish, and sell their book on the subject of nuclear pollution. Under the contract, Nelson-Hall agreed to copyright the work upon publication in the names of the authors, Gofman and Tamplin. Nelson-Hall published the book, entitled *Population Control Through Nuclear Pollution,* in November of 1970 and obtained a federal copyright registration in the authors' names.

Defendant Rodale Press is also a book publisher. In June of 1971, defendant undertook to publish, distribute and sell a second book by the same authors on the subject of nuclear pollution, entitled *"Poisoned Power"—The Case Against Nuclear Power Plants.* Plaintiffs allege that this book infringes on their prior copyrighted book, in that it is based on material in and copied from *Population Control Through Nuclear Pollution.*

Nelson-Hall, as exclusive copyright licensee, requested the authors to voluntarily join as parties to this action to remedy the alleged copyright infringement. Upon the authors' refusal to voluntarily join as plaintiffs, Nelson-Hall had them joined as involuntary plaintiffs under the procedure established in Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), which they contend is codified in Rule 19(a) of the Federal Rules of Civil Procedure. Defendant, on the other hand, contends that *Independent Wireless* and Rule 19(a) are not applicable to the instant situation and that this is not a proper case for joinder as involuntary plaintiffs on two grounds. First, Rule 19(a) requires that a person be subject to service of process before he can be joined as a party, and since Gofman and Tamplin are residents of California they are not subject to service. Secondly, the interest of Gofman and Tamplin are adverse to those of the plaintiff. For those reasons, defendant contends, Gofman and Tamplin must be stricken as involuntary plaintiffs. Therefore, since the authors, as proprietors of the copyright, are indispensable parties to the action for copyright infringement and since Nelson-Hall, as exclusive licensee, cannot maintain the action alone, this suit should be dismissed for failure to properly join the authors, who are indispensable parties.

In Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), the plaintiff was an exclusive patent licensee, but lacked the power to sue alone in his own name or the name of the patent owner. When the patent owner refused to join as a plaintiff in an action for an injunction against the alleged infringement, the exclusive licensee joined the owner as an involuntary plaintiff. In holding this procedure proper, the Supreme Court stated at page 469, 46 S.Ct. at page 169:

"It seems clear, then, on principle and authority, that the owner of a patent, who grants to another the exclusive right to make, use, or vend the invention, which does not constitute a statutory assignment, holds the title to the patent in trust for such a licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer, or to enjoin infringement of it. * * * Inconvenience and possibly embarrassing adjudication in respect of the validity of the licensor's patent rights, as a result of suits begun in aid of the licensee, are only the equitable and inevitable sequence of the licensor's contract, whether express or implied."

The narrow issue before the Court in *Independent Wireless* was the precise issue which is presently before this Court in the instant case. There, the Court

framed the issue at page 469, 46 S.Ct. at page 170 as follows:

"But suppose the patentee and licensor is hostile and is out of the jurisdiction where suit for infringement must be brought, what remedy is open to the exclusive licensee?"

The Court answered this question at page 472, 46 S.Ct. at page 171, holding that:

"[I]f there is no other way of securing justice to the exclusive licensee, the latter may make the owner without the jurisdiction a coplaintiff without his consent in the bill against the infringer. Equity will not suffer a wrong without a remedy."

This procedure which must be followed in order to fall within the scope of *Independent Wireless* is explained by the Court at page 473, 46 S.Ct. at page 171:

"The owner beyond the reach of process may be made coplaintiff by the licensee, but not until after he has been requested to become such voluntarily. If he declines to take any part in the case, though he knows of its imminent pendency and of his obligation to join, he will be bound by the decree which follows. We think this result follows from the general principles of res judicata."

The *Independent Wireless* doctrine has been held applicable not only to patent infringement cases but also to cases of copyright infringements. Ilyin v. Avon Publications, Inc., 144 F.Supp. 368 (S.D.N.Y.1956); Field v. True Comics, 89 F.Supp. 611 (S.D.N.Y.1950). In the instant case, Nelson-Hall has complied with the procedural requirements of *Independent Wireless* in that it requested the copyright proprietors to voluntarily join in the suit, and upon their refusal to do so, joined them as involuntary plaintiffs. This case is clearly within the purview of the *Independent Wireless* doctrine, but defendants, nevertheless, contend that this is not a "proper case" for joinder as an involuntary plaintiff under Rule 19(a).

Rule 19(a) provides in pertinent part:

"If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff."

In the Advisory Committee Note of 1937 to Original Rule 19, quoted in 3A Moore's Federal Practice, ¶19.01 [3] p. 2106 (1970 Ed.), the committee cited *Independent Wireless* as an example of a proper case for joinder as involuntary plaintiff. The Notes of the Advisory Committee to the 1966 revision to Rule 19(a) indicate nothing to the contrary, and the cases handed down since the 1966 revision of the rule have continued to apply the *Independent Wireless* doctrine in copyright cases. Owatonna Mfg. Co. v. Melroe Co., 301 F.Supp. 1296 (D.Minn.1969); First Financial Marketing Services Group, Inc. v. Field Promotions, Inc., 286 F.Supp. 295, 298–299 (S.D.N.Y.1968). *See also* 3A Moore's Federal Practice ¶19.06, pp. 2213–2218 (1970 Ed.). We, therefore, conclude that the instant case is a "proper case" for joinder as involuntary plaintiff under Rule 19(a).

Defendant cites Philadelphia Brief Case Co. v. Specialty Leather Products Co., 242 F.2d 511 (3d Cir. 1957) and Industrial Synthetics Corp. v. Swan Rubber Co., 234 F.2d 819 (5th Cir. 1956) for the proposition that where the interests of the copyright proprietor and his licensee are adverse, the proprietor cannot be joined as an involuntary plaintiff. Both cases are readily distinguishable. In *Philadelphia Brief Case*, the involuntary plaintiff was stricken on the ground that it was "found from the uncontradicted evidence that the plaintiffs' real purpose in bringing the suit was not to support and enforce the patent but rather to secure its being declared void" to avoid royalty payments. Therefore, the equitable underpinnings of the *Independent Wireless* rationale were completely lacking. Here, there is no indication that plaintiff's motive in bringing this action is other than to enforce and support the copyright. We, therefore, conclude that *Philadelphia Brief Case* is inapposite.

**6**

In *Industrial Synthetics*, the Fifth Circuit affirmed the dismissal of a patent infringement case brought by the exclusive licensee. In that case, exclusive licensee sought to have the patent owner joined as an involuntary plaintiff, and the Court of Appeals held that, notwithstanding the *Independent Wireless* doctrine, the dismissal was within the permissible discretion of the District Court on several grounds. Among these grounds was the fact that the patent owner was not requested to become a party, 234 F.2d at 820 n. 1—a procedural requirement which must be complied with before the *Independent Wireless* doctrine becomes applicable. Here, there is no question that Gofman and Tamplin were invited to join as parties. A second ground was that the dismissal was permissible because there existed a "very real controversy between [the licensee] and [the patent owner] over the meaning and effect of the license agreement." 234 F.2d at 821.

Relying on *Industrial Synthetics*, defendant argues and has submitted affidavits to the effect a conflict exists between the authors and the plaintiff as to whether the license was procured by fraud and as to whether the license is enforceable because of breach on the part of the plaintiff. We recognize that joinder of a copyright proprietor as an involuntary plaintiff under the *Independent Wireless* doctrine may be done only by an exclusive licensee. There is no dispute that the agreement between the authors and the plaintiff constituted an exclusive license. Plaintiff has alleged in his complaint that he is the holder of an exclusive license, and for the purpose of a motion to dismiss, we are constrained to take the material allegations of the complaint as admitted. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). It would be highly inappropriate for this Court to dismiss the complaint at this point based on affidavits submitted by defendant, the allegations of which are denied by plaintiff.

We, therefore, conclude that *Industrial Synthetics* is inapposite and not controlling.

Defendant further cites Stenhouse v. Jacobson, 193 F.Supp. 694 (N.D.Cal. 1961) and Rosen v. Rex Amusement Co., 14 F.R.D. 75 (D.D.C.1952) as examples of cases where joinder of an involuntary plaintiff was held improper under Rule 19(a). Neither case, however, involved a patent or copyright infringement, and it is established that the *Independent Wireless* doctrine is limited to cases involving patents and copyrights. First Financial Marketing Services Group, Inc. v. Field Promotions, Inc., 286 F. Supp. 295, 299 (S.D.N.Y.1968); 3A Moore's Federal Practice, ¶19.06, pp. 2217–2218 (1970 Ed.). The rationale underlying this limitation is that the relationship must be such that equitable considerations require the absent party to allow the use of his name as plaintiff. 3A Moore's Federal Practice, ¶19.06, pp. 2215–2217 (1970 Ed.). Since such a relationship exists only between the patent or copyright owner and his licensee, defendant's reliance on *Stenhouse* and *Rosen* is misplaced.

In summary, we conclude that under the *Independent Wireless* doctrine, as embodied in Rule 19(a), this is a "proper case" for joinder of the copyright proprietors, Gofman and Tamplin, as involuntary plaintiffs, notwithstanding the facts that they are not subject to service of process and that their interests are adverse to those of the plaintiff.

We are not insensitive to defendant's assertion that an author's right to write books on the subject-matter within his field of expertise should not be restricted. This policy is especially laudable where, as here, the subject-matter involves an area which is of a serious concern to the public welfare. However, the sole issue in this case is whether defendant, Rodale Press, has published a book in which a material and substantial portion has been copied from the copyrighted book so as to constitute an in-

fringement under the copyright laws of the United States. This question is one to be resolved on the merits.

Accordingly, defendant's motion to dismiss for failure to join indispensable parties will be denied.