**DROKE HOUSE PUBLISHERS, INC. and Jerone King Criswell**

v.

**ALADDIN DISTRIBUTING CORPORATION et al.**

**Civ. A. No. 15343.**

United States District Court, N. D. Georgia, Atlanta Division.

June 8, 1973.

See also D.C., 352 F.Supp. 1062.

The defendants in this copyright infringement action filed a motion to dismiss and a motion for summary judgment. The motion to dismiss was based on the contention that plaintiff Droke House Publishers, Inc., (hereinafter referred to as "Droke House") had no standing to sue the defendants since Jerone K. Criswell, the author of the alleged infringed works, is the proprietor of the copyrights and had similar suits pending in other jurisdictions. These other pending suits have been dismissed, and pursuant to this court's order dated February 2, 1973, Criswell was added as a party plaintiff. Subsequent to the filing of the motions to dismiss and for summary judgment, the defendants moved to withdraw the motion to dismiss since they "assume" there will be only a single court action for copyright infringement. The reasons for the defendants' motion to dismiss being no longer

* Affirmed, Mem.Dec.No.72–2336 (4th Cir. May 10, 1973).

applicable to the circumstances of the case, the motion to withdraw is proper and is hereby granted.

Presently, parties to this suit are Droke House and Jerone King Criswell as plaintiffs, and Aladdin Distributing Corp.; Peacock Publishing Company; National Informer Publishing Co., a/k/a The Informer Publishing Co., Inc., d/b/a The National Informer; Vincent Sorren, Jr.; Vincent Sorren, Sr.; and Joseph Sorren as defendants. There remains for determination the merits of the defendants' motion for summary judgment.

This motion appears to be based on the contention that Droke House is not an assignee "of all rights in and to the works" of the author, but merely the owner of a license and, as such, the publisher cannot sue on the copyrights. This argument is derived from the defendants' interpretation of the agreements between Droke House and Criswell (Plaintiffs' Exhibits E and F) in which the publisher was allegedly granted only rights as a licensee to publish and sell the books, and not the complete proprietary rights in the publications. (See particularly § 1, Exhibits E and F).

The defendants allege that since Droke House is a mere licensee and not a copyright owner, no issue of fact remains for resolution. The plaintiffs, on the other hand, urge that the agreements on their face grant Droke House proprietary ownership of the books and, thus, the right to be the holder of the copyrights. (See Agreements, § IV). From a reading of this latter contractual section, it appears that Criswell intended to convey to Droke House proprietary rights in the books since the publisher is specifically directed to secure copyrights. The court cannot agree that the contract grants only the license to publish.

Furthermore, even if the publisher was an exclusive licensee rather than the proprietor of the books, it would still be entitled to sue along with the copyright proprietor for infringement. Field v. True Comics, Inc., 89 F.Supp.

611, 613 (S.D.N.Y.1950). See also Cable Vision Inc. v. KUTV, Inc., 335 F.2d 348 (9th Cir. 1964). Assuming that the owner of the copyrights is Criswell, the licensee would have an interest in the infringement action. For this reason alone summary judgment would not be proper.

Accordingly, the motion for summary judgment is denied.